Jon Stuart BAUGHMAN, Appellant,

v.

Tonya R. BAUGHMAN, Appellee,

and

**In the Interest of D.B., A Child.**

No. 10–01–101–CV.

Court of Appeals of Texas,
Waco.

Dec. 5, 2001.

Jon Stuart Baughman, Waco, pro se.

Galen B. Edwards, Kevin E. Perry, Waco, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

TOM GRAY, Justice.

Can an appellant who is voluntarily unemployed be considered indigent, thus requiring the clerk and court reporter to provide a free appellate record? We hold that voluntary unemployment does not make an appellant indigent.

## BACKGROUND

This is an appeal of an indigency contest. Jon Baughman filed two affidavits of inability to pay cost (indigency affidavits) attempting to pursue an appeal without having to pay court cost. Primarily he seeks to be excused from having to pay for the reporter's record and the clerk's record. His former wife, Tonya Baughman, and the court reporter for the underlying suit each filed contest to the second affidavit. The trial court sustained the contest in a written order, holding that Jon "is not indigent" and that he "is capable of paying for the Clerk's records as well as the Court Reporter's records on this case." Jon filed a notice of appeal from the order sustaining the contest.

## OUR JURISDICTION

The process of filing a mandamus proceeding to review the trial court's ruling on indigency contest is no longer utilized. There is now an adequate remedy by appeal. *In Re Arroyo*, 988 S.W.2d 737 (Tex. 1998). In *Nelson v. State*, we held that a separate notice of appeal is required to appeal the denial of indigency for purposes of obtaining a free record in a criminal proceeding. *Nelson v. State*, 6 S.W.3d 722 (Tex.App.—Waco, 1999, order). We had not previously held that a separate notice of appeal was necessary to appeal a determination of indigency in either criminal or civil proceedings. In *Nelson*, we stated "in the interest of justice, we will apply this holding prospectively to those determinations of indigency made after the date of this order." The indigency hearing in this case was determined after our decision in *Nelson*.

█ We find no reason to make a distinction in the process to complain about the trial court's order regarding the request for a free record in criminal cases as compared to civil cases. Accordingly, we hold that to appeal the trial court's order regarding the contest of an indigency affidavit, whether it is sustained or overruled, the complaining party must file a notice of appeal as to that order. Because Jon filed a notice of appeal from the order sustaining the indigency contest separate from the notice of appeal on the merits of the proceeding—which has been abated pending the determination of this appeal—we have jurisdiction of this appeal of the indigency contest.

## THE ISSUES

█ Jon's pro se brief poses numerous "Questions Submitted for Consideration." Most of the questions are phrased without reference to any specific action taken by the trial court and without reference to a request, objection, or motion made to the trial court.[1] Additionally, some of the

---

1. For example the first question presented in Jon's brief is as follows:

"Following decisions of the Supreme Court in M.L.B. v. S.L.J., Mayers v. The City of Chicago, SANTASKY v. KRAMER, and GRIFFEN v. ILLONOIS, due process, and equal protection causes of action related to the Federal Constitution's fourteenth, and fifth amend-

ment articles, has been established Res Judicata wherein a state's appeals ‘process requires an appellant to post bond and or pay for appellate records in order to perfect an appeal while making the same available to those not faced with incarceration, or already incarcerated, more especially when the cause seeks to or has severed/terminated the parent

questions are in the abstract, without reference to the facts of this case.[2] To properly present an issue, complaint must be made about an adverse ruling of the trial court in response to a specific request, objection, or motion. TEX.R.APP. P. 33.1(a). Further, we do not have jurisdiction to render advisory opinions on abstract questions of law. *Texas Ass'n of Business v. Texas Air Control Board,* 852 S.W.2d 440, 444 (Tex.1993).

■ We give appellants some latitude in briefing requirements. TEX.R.APP. P. 38.9. But the rules of evidence and procedure are applicable to pro se litigants the same as a litigant represented by an attorney, otherwise an advantage is given to a party not represented by an attorney. *Holt v. F.F. Enterprises,* 990 S.W.2d 756, 759 (Tex.App.—Amarillo 1998, pet. denied). After reviewing the questions listed in Jon's brief and the arguments made thereunder, we have identified what could properly be characterized as two issues. First, that the trial court erred in denying Jon a free appellate record based upon the first indigency affidavit because no contest was filed in response to it. Second, that the trial court erred in sustaining the contest to the second indigency affidavit, thereby denying Jon a free record for appeal, because the evidence established Jon's indigency as a matter of law. Fairly included in consideration of this second issue is an

objection to the consideration of hearsay testimony and a complaint that the trial court's order does not include the necessary findings to sustain the contest to his affidavit. We will address these two issues, including the subissues, as necessary for the disposition of this appeal.

## THE FIRST DOCUMENT

■ The first document filed by Jon is entitled an "AFFIDAVIT OF INABILITY." It was filed on December 27, 2000. It specifically cites Texas Rule of Civil Procedure 145. TEX.R. CIV. P. 145. The affidavit recites that it is "essential in securing my right for a New Trial, and or to Appeal." The affidavit was not contested by anyone. Rule 145 does not require the individual filing the affidavit to serve it on anyone, apparently because the rule contemplates that it will be filed at the time that the original petition is filed with the trial court clerk and served with the petition on the defendant. Notwithstanding that this document was filed by the defendant, Jon, at a time when Jon knew the plaintiff, Tonya, was represented by an attorney, it was not served on any other party. *See* TEX.R. CIV. P. 21 and 21a.

Rule 145 of the Texas Rules of Civil Procedure does not apply to the cost of the appellate record. The text of the rule indicates that it relates to traditional trial court cost, and not cost on appeal. *Holt v.*

---

child relationship. Inasmuch does Texas' practice of requiring payment or bond to perfect an appeal in a case where the parent child relationship has been terminated, violate due process, and equal protection clauses of the fifth, and fourteenth amendments to the Federal Constitution, thereby making this ruling and the appal unconstitutional? Fifth and Fourteenth Amendments Due Process and Equal Protection, Article 1 § 13 and § 19 Texas State Constitution."

**2.** For example the second question presented in Jon's brief is as follows:

"Are the rules of procedure and statutory code in the State of Texas to be applied equally, and consistent with their legislated intention, and in the instance said rules deviate from equal application, or acceptable interpretation, do such instances if intentional, and or maliciously applied with the express intent of interfering with an individuals civil rights violate the due process and equal protection clauses of the Federal Constitution, and the U.S.Code Title 28 Equal Rights Act, as well as Texas' Penal Code § 37 and § 38?"

*F.F. Enterprises*, 990 S.W.2d 756, 758 (Tex. App.—Amarillo 1998, pet. denied). The rule provides: "In lieu of filing security for costs of an original action, a party who is unable to afford said costs shall file an affidavit as herein described." TEX.R. CIV. P. 145. By use of the term "original action" we believe the purpose of the rule is established to be for cost in courts of original jurisdiction, or de novo appeals, and not appeals to the courts of appeals. This interpretation of the rule is confirmed by the comments to the 1988 amendments. The comment states: "The purpose of this rule is to allow indigents to file suit and have citation issued based solely on an affidavit of indigency filed with the suit." TEX.R. CIV. P. 145 (Comment to 1988 change).

Additionally, there are specific rules that deal with obtaining a free record on appeal. *See* TEX.R.APP. P. 20 and TEX. CIV. PRAC. REM.CODE Chapter 13. Allowing an affidavit under Rule 145 to relate forward to cost on appeal would deny other parties, the trial court clerk and the court reporter, their right to contest Jon's indigent status. *White v. Schiwetz*, 793 S.W.2d 278, 281 (Tex.App.—Corpus Christi 1990, no writ); *see also Holt v. F.F. Enterprises*, 990 S.W.2d 756, 758 (Tex.App.—Amarillo 1998, pet. denied).

Accordingly, the trial court did not err in denying Jon a free appellate record on the basis of the first indigency affidavit filed by Jon.

### THE SECOND DOCUMENT

On February 28, 2001, Jon filed a second document which he also contends entitles him to a free appellate record.[3] This document is entitled "APPELLANT, JON STUART BAUGHMAN'S REQUEST PRO–SE, FOR FREE APPELATE RECORD" and attached to it is a copy of the "AFFIDAVIT OF INABILITY" previously filed on December 27, 2000. A hearing was held on the motion and a written order signed sustaining the contest within the required time period. TEX.R.APP. P. 20.1(i)(2)-(4); *see In Re VanDeWater*, 966 S.W.2d 730, 733–734 (Tex.App.—San Antonio 1998, original proceeding).

The order, in its entirety is as follows:

On the 21st day of March 2001 the Court was presented with evidence concerning Jon Stuart Baughman's allegation of indigence. The Court heard the evidence and finds that Jon Stuart Baughman is capable of paying for the Clerk's records as well as the Court Reporter's records on this case. The Court further finds that Jon Stuart Baughman is not indigent. The Court therefore Sustains the Contest. IT IS THEREFORE ORDERED that Jon Baughman is not indigent, his affidavit of indigence is Denied, and the contest of his affidavit of inability is Sustained.

Signed on the 21 st day of March 2001.

At the hearing, Jon presented his uncontroverted testimony that he had nothing of value, was unemployed, owed over $70,000 in debts and was unable to borrow any money. He also made reference to his size as preventing him from working. He also testified that he had an inherited medical condition that caused disks in his spine to degenerate, a condition that he testified prevented him from working. Finally, he testified about an on-the-job injury, for which he had received maximum benefits but was pursuing a claim for additional compensation.

---

**3.** The notice of appeal was filed at the same time as this document. *See* TEX.R.APP. P. 20.1(c)(1).

Tonya and the Court Reporter both testified that Jon was educated, including some college education, had been gainfully employed in the past at various occupations, and that Jon was capable of holding down a job. This same evidence had also been brought out during cross examination of Jon.

## THE HEARSAY SUBISSUE

Jon complains that the court reporter had no personal knowledge of his educational and employment history and that it was inadmissible hearsay and thus would not support the trial court's order. The court reporter stated that her testimony was based entirely upon her recollection of the testimony she had recorded during the course of the trial. Jon also complains that the testimony of Tonya was also hearsay. Specifically, Jon objected to Tonya's testimony about a medical diagnosis of Jon's mental condition.

Regarding Tonya's testimony, the trial court agreed with Jon that the testimony was hearsay but allowed the testimony into evidence because of the nature of the hearing and because Jon had been allowed wide latitude on direct to introduce some medical records over a hearsay objection raised by Tonya's attorney. The trial court explained to Jon why he was allowing the contestants latitude in the admission of evidence, and Jon responded, "All right, Your Honor." Jon made no further objections at trial about the hearsay he now complains about on appeal.

The trial court was attempting to do equity by relaxing the rules of evidence in this hearing conducted by an individual representing himself. But the rules of evidence contain no provision for being relaxed because one party is not represented by an attorney. The statutes, and rules of procedure and evidence apply equally even if one of the parties is not represented by an attorney. *Holt v. F.F.*

*Enterprises*, 990 S.W.2d 756, 759 (Tex. App.—Amarillo 1998, pet. denied).

Although the record is not totally clear, it appears Jon agreed to allow hearsay testimony into evidence because of the latitude he had likewise been allowed during the presentation of his evidence. Jon accepted the latitude that the trial court had afforded him and acquiesced in the trial court giving the contestants similar latitude. In effect Jon invited the error, if any, by accepting the benefit of being allowed greater latitude because he was representing himself. Accordingly, we hold that the trial court did not err in refusing to exclude Tonya's hearsay testimony that Jon objected to at trial. Because Jon failed to raise any objections at trial about the other testimony that he contends is hearsay, he has waived the error, if any. TEX.R.APP. P. 33.1.

## THE "REQUIRED FINDINGS" SUBISSUE

Jon contends that the trial court failed to include in its order the findings required by TEX. CIV. PRAC. REM.CODE 13.003(a)(2). This section does not require that the order contain the findings of the court as contended by Jon. The statute only requires that before the trial court orders the court reporter and clerk to provide a free record, the trial court must find that "(A) the appeal is not frivolous; and (B) the statement of facts [now reporter's record] and the clerk's transcript [now clerk's record] is needed to decide the issue presented on appeal." TEX. CIV. PRAC. REM.CODE 13.003(a)(2). Thus if the trial court overrules a contest to an indigency affidavit and does not file findings of fact, on appeal we would assume that the trial court made all findings necessary in support of the order, in particular that the appeal is not frivolous and that the clerk's and reporter's records are needed to decide the issue presented on appeal.

In this case, however, the trial court would not have to find that the appeal was frivolous or that the records were not necessary on appeal to sustain the contest. By determining that Jon was not indigent, it became unnecessary for the trial court to reach the issues of whether the appeal was not frivolous and whether the clerk's and reporter's records were necessary to present the issues on appeal. Based upon the language of the trial court's order, we cannot say that these issues were decided by the trial court and findings on these issues, express or implied, were unnecessary for the order rendered. Accordingly, Jon's complaint that the trial court's order does not contain the required findings is overruled.

## THE ISSUE OF INDIGENCY

■ Jon contends that the evidence conclusively proved that he was indigent. We disagree.

We must decide if the evidence supports the trial court's determination that Jon was not indigent. The test for determining indigency has been often stated as whether the preponderance of the evidence shows that the appellant would be unable to pay the costs, or a part thereof, or give security therefor, if he really wanted to and made a good faith effort to do so. *Allred v. Lowry,* 597 S.W.2d 353, 355 (Tex. 1980); *Cronen v. Smith,* 812 S.W.2d 69, 70 (Tex.App.—Houston [1st Dist.] 1991, original proceeding). Both these cases were construing former rule 40 of the Texas Rules of Appellate Procedure, but we believe they are equally applicable to the rule and statute under consideration in this case.

Of the relatively few cases that have dealt with this issue, most focus on whether the individual is on some type of public assistance. The focus on this criteria, which is expressly provided for in Tex.R. Civ. P. 145, has been carried over into the

analysis under Rule 20. Tex.R.App. P. 20; *Griffin Industries, Inc. v. Honorable Thirteenth Court of Appeals,* 934 S.W.2d 349 (Tex.1996). Generally if the individual is on public assistance the courts have held that the individual is entitled to proceed without payment of cost on appeal. In this case there is no evidence that Jon is on any type of public assistance, so those cases are not particularly helpful to deciding this case.

There is no question that Jon does not have the current financial ability to pay the full amount of the appellate record. The question is whether the trial court could properly consider his current unemployment, if determined to be voluntary, as indicating that "if he really wanted to and made a good faith effort to do so" he could make suitable arrangements to "pay the costs, or a part thereof." *Id.*

In *Griffin Industries v. Thirteenth Court of Appeals,* Justice Baker in a dissenting opinion listed the various factors that the trial court can consider in determining indigency. Justice Baker summarized the factors as follows:

A trial court can consider a number of factors when determining the validity of a challenge to an indigency affidavit. Some of these factors include whether the litigant is dependent upon public charity afforded through various welfare programs, *Goffney [v. Lowry],* 554 S.W.2d [157] at 159–60 [ (Tex.1977) ]; the litigant's credit rating, *Pinchback [v. Hockless],* [139 Tex. 536] 164 S.W.2d [19] at 19 [ (1942) ]; the value of the litigant's claim and whether it could afford the basis for security of a loan, *Wallgren v. Martin,* 700 S.W.2d 28, 30 (Tex.App.—Dallas 1985, orig. proceeding); the litigant's employment history, *Goffney,* 554 S.W.2d at 160; and that the litigant cannot secure a bona fide loan to pay the costs, *Pinchback,* 164 S.W.2d at

20. Today the Court holds an additional factor the trial court can consider is the fee agreement between an attorney and an indigent client to determine if the litigant is able to pay costs on appeal. 934 S.W.2d at 354.

*Griffin Industries, Inc. v. Honorable Thirteenth Court of Appeals,* 934 S.W.2d 349, 356 (Tex.1996).

With a particular emphasis on the applicant's ability to obtain gainful employment the Houston court in *Cronen* stated:

The record in the instant case showed that relator ... had an expected income of approximately $989 per month at the time of the hearing. There was also conflicting evidence regarding his willingness to get a job and thereby make a good faith effort to pay the costs of the appeal or some part thereof. Based upon the conflicting evidence presented in the record as a whole, we cannot say that the trial court's decision to sustain the contest to relator's affidavit was made arbitrarily and without regard for any guiding rule or principle.

*Cronen v. Smith,* 812 S.W.2d 69, 72 (Tex. App.—Houston [1st Dist.] 1991, original proceeding).[4] Likewise, the San Antonio Court of Appeals has recently held that voluntary unemployment does not make an appellant indigent. *In re Smith,* No. 04–01–00532–CV, 2001 WL 1335067 (Tex. App.—San Antonio 2001, no pet. h.).[5] The

trial court's holding that the applicant was purposefully unemployed because she "is able to work and is choosing to be indigent at this point" was affirmed on appeal by the Court of Appeals. *Id.* Contrary to *Cronen,* the Tyler Court of Appeals has stated that "the proper consideration is *present* ability to pay costs rather than a future, more speculative ability." *Brown v. Clapp,* 613 S.W.2d 78, 80 (Tex.Civ. App.—Tyler 1981, original proceeding) (emphasis in original).

We cannot say that the trial court's decision to sustain the contest to Jon's affidavit was not supported by any evidence. There is sufficient evidence in the record from which the trial court could have determined that Jon's unemployment was voluntary and that he would be able to pay the costs, or some part thereof, if he really wanted to and made a good faith effort to do so. *See Cronen v. Smith,* 812 S.W.2d 69, 70 (Tex.App.—Houston [1st Dist.] 1991, original proceeding). Accordingly, the trial court's determination that Jon Baughman is not indigent is affirmed.

While we do not disagree with the holding in *Brown,* we believe the result is better explained by the fact that Brown was on public assistance, testified regarding her efforts to obtain a job but had not been able to, and that the trial court's decision was based upon the belief that a divorce was not a necessity and she should therefore await the time with patience until she, rather than the state, could pay for it. Also, we note that because Jon has

---

**4.** Voluntary unemployment and voluntary underemployment have also been issues in the ability to pay child support. It has been consistently held that unemployment or underemployment, if voluntary, is not a valid excuse for the failure to pay child support. *In the Interest of S.B.C.,* 952 S.W.2d 15, 19 (Tex. App.-San Antonio 1997, no writ); *Giangrosso v. Crosley,* 840 S.W.2d 765, 770 (Tex.App.—Houston [1st Dist.] 1992, no writ); *Pharo v. Trice,* 711 S.W.2d 282, 284 (Tex.App.—Dallas 1986, no writ).

**5.** We note that the San Antonio court applied an abuse of discretion standard in this case as have other intermediate appellate courts. Because the test and burden of proof have been stated by the Texas Supreme Court in terms of preponderance of the evidence, we believe that the traditional standards for reviewing the sufficiency of the evidence should be utilized to review the trial court's ruling. *See Allred v. Lowry,* 597 S.W.2d 353 (Tex.1980).

separately perfected his appeal of the trial court's decision on the merits, the dissent's criticism of the *Cronen* majority opinion is somewhat mitigated. No longer is the appellant completely foreclosed from pursuing his appeal. Jon retains the opportunity to obtain the portions of the record necessary to pursue his appeal if suitable arrangement for payment can be agreed upon with the clerk and court reporter. *See* Tex.R.App. P. 34.5 and 34.6. It also appears from the record that some of the early hearings have already been transcribed for use at subsequent hearings or at trial and should thus be available for use in this appeal.

BILL VANCE, Justice, concurring.

I disagree with the majority opinion on two issues, neither of which would change the result.

First, I do not believe that section 13.003 of the Civil Practice and Remedies Code applies to cases, like this, where no affidavit of inability to pay costs in the trial court was filed under Rule 145 of the Rules of Civil Procedure. Tex. Civ. Prac. & Rem.Code § 13.003 (Vernon Supp.2002). I understand that from a literal reading of the section, out of context, it appears to apply. However, in 1993, the Legislature added it to the chapter entitled "Affidavit of Inability to Pay Costs" dealing with the filing of frivolous suits in the trial court and in 1995 amended it. In each instance, the caption contains the phrase "appeals in which an affidavit of inability to pay costs has been filed." [1] Section 13.003 should be read in context with sections 13.001, 13.002, and 13.004 to apply only when they apply.

Second, I would apply an abuse-of-discretion standard in reviewing the trial court's decision on an affidavit filed under Appellate Rule 20.1, rather than a legal and factual sufficiency review. Tex.R.App. P. 20.1.

Because I do not believe that the trial court abused its discretion in denying a free record in this instance, I concur in affirming the court's order.

---

1. S.B. 1062 of the 73rd Legislature (Act of May 26, 1993, 73rd Leg., R.S., ch. 861, 1993 Tex. Gen Laws. 3374). H.B. 1193 of the 75th Legislature (Act of May 15, 1997, 75th Leg. R.S., ch. 467, 1997 Tex. Gen. Laws. 1789).