IN THE
TENTH COURT OF APPEALS
 

No. 10-02-008-CV

Â Â Â Â Â RICKEY FANTROY, SR.,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â CAROLYN MAE HOWARD FANTROY, 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee

AND IN THE INTEREST OF R.F., A CHILD
 

From the 18th District Court
Johnson County, Texas
Trial Court # D2001-05094
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
CONCURRING OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Rickeyâs issues are inadequately briefed. What he filed is the equivalent of no brief. Because
he is pro se, he gets some latitude in briefing, but not that much. He cannot simply identify an
issue without authority or argument and leave the briefing to the appellee or the court. We should
never have to do the briefing for him. To treat Rickey differently gives him an unfair advantage
over litigants represented by counsel. See Mansfield State Bank v. Cohn, 573 S.W.2d 181, 185
(Tex. 1978); Foster v. Williams, 74 S.W.3d 200, 202 (Tex. App.âTexarkana 2002, pet. denied);
Baughman v. Baughman, 65 S.W.3d 309, 312 (Tex. App.âWaco 2001, pet. denied). And this
isnât even a termination case.
Â Â Â Â Â Â Because the opinion reviews Rickeyâs issues with no briefing by Rickey, I concur only with
the result reached. I express no view on the merits of the opinion or on the reasoning contained
therein.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â TOM GRAY
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Concurring opinion delivered and filed October 1, 2003



s from the time of
his birth until he was removed from her care when he was almost ten months
old.[2]Â 
Several of the places where they lived or visited posed a danger to N.E.S.Â 
First, when they visited Michael S. for Christmas, Elaine testified that he
Âviolently sodomizedÂ her while N.E.S. was in the room.Â  She testified that
this was not Âa safe and appropriate placeÂ for N.E.S. and they left Âinto the
cold to get away.ÂÂ  She hitched a ride with a man who took her to her friend
ChristineÂs home, where they lived about four months.Â  That ended when she got
into a ÂfightÂ with Christine, who pulled Elaine to the ground while she was
holding N.E.S.Â  Then, she moved to a trailer park where she lived with a woman
she met in church.Â  A Department investigator testified that Elaine
characterized this person as an Âunsuitable adult.ÂÂ  Elaine testified that this
person said that she was bipolar Âand it was quite obvious she didnÂt take her
meds.ÂÂ  After living there nine days, she stayed with another friend for three
days.Â  Then she moved to a 72-hour shelter before she was transferred to the
crisis center from which N.E.S. was removed.

Â Â Â Â Â Â Â Â Â Â Â  The caseworker Kindra Brown
testified that these moves created Âan unstable situationÂ for N.E.S. and
placed him Âin an unsafe condition.Â

Â Â Â Â Â Â Â Â Â Â Â  In addition, Elaine
testified that she began smoking marijuana when she was seventeen and had also
tried cocaine and methamphetamine.Â  She was diagnosed as having problems with
substance abuse and alcohol dependence.Â  She tested positive for marijuana
twice after N.E.S. was removed from her care.Â  She denied ever smoking
marijuana in his presence but conceded that she was around him after having
smoked marijuana, which she characterized as Âa bad decision.ÂÂ  She also
reported to a womenÂs center intoxicated on two different nights, in violation
of the centerÂs rules.

Â Â Â Â Â Â Â Â Â Â Â  Under the applicable
standard, the evidence is legally sufficient to support the courtÂs finding
that Elaine knowingly placed or allowed N.E.S. to remain in dangerous conditions
or surroundings.Â  See In re J.C., 151 S.W.3d 284, 288-89 (Tex. App.ÂTexarkana
2004, no pet.); In re D.C., 128 S.W.3d 707, 715-16 (Tex. App.ÂFort Worth
2004, no pet.).Â  The evidence is likewise factually sufficient to support this
finding.Â  Id.[3]

Best Interest

Â Â Â Â Â Â Â Â Â Â Â  We employ the familiar Holley
factors when evaluating the sufficiency of the evidence to support a finding
that termination is in the best interest of the child.Â  See Holley v.
Adams, 544 S.W.2d 367, 372 (Tex. 1976); T.N.F.,
205 S.W.3d at 632.Â  We also consider the factors listed in section 263.307 of
the Family Code.Â  See Tex. Fam.
Code Ann. Â§ 263.307 (Vernon 2009); In re R.R., 209 S.W.3d 112,
116 (Tex. 2006) (per curiam); In re S.N., 272 S.W.3d 45, 51 (Tex.
App.ÂWaco 2008, no pet.).

Â Â Â Â Â Â Â Â Â Â Â  Desires of the Child:
N.E.S. was two at the time of trial and not of sufficient maturity to express a
preference.Â  See S.N., 272 S.W.3d at 51-52.

Â Â Â Â Â Â Â Â Â Â Â  Emotional and Physical Needs: N.E.S. has the usual emotional and
physical needs of a toddler.Â  Brown testified that Elaine suffers from major
depressive disorder and borderline personality disorder and has attempted
suicide ÂnumerousÂ times.Â  Brown opined that these conditions prevent Elaine
from being consistently capable of providing for N.E.S.Âs needs, particularly
in view of ElaineÂs history of failure to seek treatment for her mental health
needs.Â  Id. at 52; D.C., 128 S.W.3d at 717.

Â Â Â Â Â Â Â Â Â Â Â  Emotional and Physical
Danger: ElaineÂs history of drug and alcohol abuse, the violent encounters
she experienced during the nomadic existence she had with N.E.S., and the
instability of living in so many different locales all contribute to the
conclusion that Elaine poses a present and future risk of danger to N.E.S.Â  See
S.N., 272 S.W.3d at 52-53; J.C., 151 S.W.3d at 291; D.C.,
128 S.W.3d at 717.

Â Â Â Â Â Â Â Â Â Â Â  Parental Abilities: Elaine
completed a parenting class as part of her service plan.Â  However, the
caseworker and a manager from a womenÂs center where she lived until a month
before trial both expressed concerns about her ability to provide adequate
parenting for N.E.S.Â  Thus, the evidence is conflicting on this factor.Â  See
S.N., 272 S.W.3d at 53.

Â Â Â Â Â Â Â Â Â Â Â  Available Programs: Elaine
provided testimony that N.E.S. and she could live in a womenÂs center where she
lived for about seven months after N.E.S. was removed from her care.Â  However,
she was ÂexitedÂ from this center about a month before trial because of a
verbal altercation with a case manager and another resident.Â  A manager from
the center testified that she did not believe Elaine was stable enough to
successfully participate in the program with N.E.S.Â  Thus, the evidence is
conflicting on this factor.Â  Id.

Â Â Â Â Â Â Â Â Â Â Â  Plans for Child: Elaine
testified that she wants to live with N.E.S. in this womenÂs center while she
receives the treatment and counseling she needs.Â  However, the manager
testified that she does not believe Elaine can successfully participate in the
program.Â  The Department plans to keep N.E.S. in foster care until a suitable adoptive
home is found.Â  Thus, the evidence is conflicting on this factor.Â  Id.

Â Â Â Â Â Â Â Â Â Â Â  Stability of the Home: N.E.S. is currently living in a safe
and stable home with his foster parents.Â  Elaine wants to live with him in the
womenÂs center although the manager does not believe she can successfully
participate due to her history.Â  Beyond ElaineÂs prior experience in this
womenÂs center, she has demonstrated a history of being unable to provide
N.E.S. a stable home.Â  Thus, the evidence is conflicting on this factor.Â  Id.

Â Â Â Â Â Â Â Â Â Â Â  Acts and Omissions:
ElaineÂs history of drug and alcohol abuse, the violent encounters she
experienced during the nomadic existence she had with N.E.S., and the
instability of living in so many different locales are all acts and omissions
relevant to this factor.Â  Her continued use of marijuana and alcohol after
N.E.S.Âs removal, her failure to seek treatment on a consistent basis, and her
difficulties in the womenÂs center are also relevant.Â  The evidence on this
factor supports the best-interest finding.Â  Id. at 53-54; J.C.,
151 S.W.3d at 291; D.C., 128 S.W.3d at 717.

Â Â Â Â Â Â Â Â Â Â Â  Excuses: ElaineÂs primary excuse is that she was
a victim of domestic violence and thus cannot be blamed for N.E.S.Âs exposure
to the violent encounters noted.Â  She had to move so frequently because she has
no home or family support and no stable employment.Â  However, she offers no
excuse for her drug and alcohol abuse, her inability to follow the rules and
stay in a rehabilitation center, or her failure to seek treatment on a
consistent basis.Â  Thus, the evidence is conflicting on this factor.Â  See
S.N., 272 S.W.3d at 54.

Â Â Â Â Â Â Â Â Â Â Â  Statutory Factors:Â  Evidence regarding seven of the
thirteen statutory factors listed in section 263.307(b) support the
best-interest finding: (1) N.E.S.Âs Âage and physical and mental
vulnerabilitiesÂ; (2) Âthe magnitude, frequency, and circumstances of the harm
to [N.E.S.]Â;Â  (3) ElaineÂs mental health history and relevant evaluations; (4)
the history of domestic violence; (5) ElaineÂs substance abuse; (6) her failure
to demonstrate adequate parenting skills; and (7) the lack of an adequate
social support system.Â  See Tex.
Fam. Code Ann. Â§ 263.307(b)(1), (3), (6), (7), (8), (12), (13).Â  Three
of the statutory factors do not apply.Â  Id. Â§ 263.307(b)(2), (5), (9).[4]Â 
The evidence regarding two of the statutory factors is conflicting, so we
consider these factors to be neutral:Â  (1) ElaineÂs willingness "to seek
out, accept, and complete counseling services" and cooperate with the
Department; and (2) her Âwillingness to effect positive environmental and
personal changes within a reasonable period of time.ÂÂ  Id. Â§
263.307(b)(10), (11).Â  And the evidence regarding one of the statutory factors
tends to contradict the best-interest finding: Âwhether the child has been the
victim of repeated harm after the initial report and intervention by the
department.ÂÂ  Id. Â§ 263.307(b)(4).

Â Â Â Â Â Â Â Â Â Â Â  ÂOur evaluation of whether
the evidence supports a best-interest finding does not involve a precise
mathematical calculation despite the listing of relevant factors.ÂÂ  S.N.,
272 S.W.3d at 54 (citing C.H., 89 S.W.3d at 27; T.N.F., 205
S.W.3d at 632).Â  Under the
applicable standards, we hold
that the evidence is legally and factually sufficient to support the courtÂs
finding that termination of ElaineÂs parental rights is in the best interest of
N.E.S.

We overrule ElaineÂs sole issue and
affirm the judgment.

Â 

FELIPE REYNA

Justice

Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

(Chief
Justice Gray concurring with note)*

Affirmed

Opinion
delivered and filed October 6, 2010

[CV06]

Â 

*Â Â Â Â Â Â Â Â Â Â  (Chief
Justice Gray concurs in the judgment to the extent it affirms the trial courtÂs
judgment of termination of ElaineÂs parental rights.Â  A separate opinion will
not issue.Â  He notes, however, that the Âstatutory factorsÂ identified and
reviewed relate to a determination of Âwhether the childÂs parents are willing
and able to provide the child with a safe environmentÂ and as such they are not
Âstatutory factorsÂ directly regarding the best interest of the child in the
context of a termination proceeding.Â  See Tex. Fam. Code Â§ 263.307.Â  While we can evaluate other
factors beyond the Holley factors, I find it unnecessary to do so,
especially when the record does not contain any indication that the parties
presented evidence on these factors, although in the trial in this proceeding
they did but they do not argue this evidence in connection with the issue on
appeal.Â  Further, it sets a dangerous precedent for us to be weighing into our
review factors the parties routinely do not even attempt to address in a
termination proceeding.Â  It is not surprising that neither party cites or
discusses these Âstatutory factorsÂ in their briefing to this Court of the
Âbest interestÂ element necessary to terminate the parental rights to the
child.Â  Finally, the summary nature in which the Court makes its review of
these Âstatutory factorsÂ makes them seem relatively less important than the
other factors.Â  Any factor that we consider, whether it is one of the original Holley
factors or an additional factor, should be weighed into the analysis based on
its relative value in reviewing the determination of best-interest.)









[1]
Â Â Â Â Â Â Â Â Â Â Â Â Â  To protect the
identity of the child, we refer to the mother by a pseudonym. Â See Tex. Fam. Code Ann. Â§ 109.002(d)
(Vernon 2009); Tex. R. App. P.
9.8(b)(2).





[2]
Â Â Â Â Â Â Â Â Â Â Â Â Â  The Department
maintains that they lived in 10 different locations, which Elaine disputes.Â 
For example, the Department includes within this number their stay with Michael
S., the father of an older child of ElaineÂs, for 2 days for Âvisitation for
Christmas.ÂÂ  Elaine does not count this stay as a place where they lived, but
she did testify that she had nowhere else to go when they left there.





[3]
Â Â Â Â Â Â Â Â Â Â Â Â Â  Because we have
found the evidence legally and factually sufficient with regard to this
predicate ground for termination, we need not examine the sufficiency of the
evidence to support the other predicate ground.Â  See In re S.N.,
272 S.W.3d 45, 49 (Tex. App.ÂWaco 2008, no pet.).





[4]
Â Â Â Â Â Â Â Â Â Â Â Â Â  The factors which we
deem inapplicable are: (a) the frequency and nature of out-of-home placements;
(b) whether N.E.S. is fearful of returning to ElaineÂs home; and (c) whether
the perpetrator of harm to N.E.S. has been identified.Â  See Tex. Fam. Code Ann. Â§ 263.307(b)(2),
(5), (9) (Vernon 2009).