**Kenneth F. WEAVER, Appellant,**

**v.**

**UNIFUND CCR PARTNERS Assignee of Exxon/Mobil Platinum, Appellee.**

**No. 10–06–00207–CV.**

Court of Appeals of Texas, Waco.

July 11, 2007.

Kenneth F. Weaver, Waco, pro se.

Brian E. Staley, Hull & Associates, PC, Houston, for appellee.

Before Chief Justice GRAY, Justice VANCE, Justice REYNA.

## OPINION

BILL VANCE, Justice.

Unifund CCR Partners, as assignee of Exxon/Mobil Platinum, sued Kenneth Weaver to recover for unpaid credit card charges in the amount of $11,556.76. Weaver, appearing pro se, filed a letter answer. Unifund moved for and obtained

summary judgment. Weaver, still pro se, appeals. We will reverse and remand.

Unifund filed suit on October 21, 2005. With its petition, Unifund served Weaver with a request for disclosure and requests for admissions on November 3. On November 7, Weaver filed a letter response, which Unifund asserts the trial court treated as an answer. (Appellee's Brief at 1). Included and filed with Weaver's letter were responses to the requests for disclosure and admissions, all of which have a certificate of service. All of these items are in the clerk's record. (Clerk's Record at 11–17).

Unifund filed a motion for summary judgment, asserting that Weaver had failed to respond to the requests for admissions, which establish Weaver's debt liability on the credit card account. Filed with Unifund's motion was its attorney's affidavit, which states in pertinent part: "Defendant failed to serve upon Plaintiff a written response to the Request for Admissions within 50 days of service." Weaver did not file a response to Unifund's summary judgment motion. Based on the alleged deemed admissions, the trial court granted Unifund's summary judgment motion.

We review the decision to grant a summary judgment de novo. *Provident Life & Accident Ins. Co. v. Knott,* 128 S.W.3d 211, 215 (Tex.2003). The standards for reviewing a traditional motion for summary judgment are well established. The movant has the burden of showing that no genuine issue of material fact exists and that it is entitled to the summary judgment as a matter of law. *American Tobacco Co. v. Grinnell,* 951 S.W.2d 420, 425 (Tex.1997); *Ash v. Hack Branch Distributing Co.,* 54 S.W.3d 401, 413 (Tex.App.-Waco 2001, pet. denied). In deciding whether there is a disputed material fact issue precluding summary judgment, evi-dence favorable to the nonmovant will be taken as true, and every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in his favor. *Nixon v. Mr. Prop. Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985).

■ In what Unifund refers to as Weaver's third issue, Weaver asserts that he did in fact respond to the requests for admissions: "The Plaintiff's attorney stated on his Motion for a Hearing for a Summary Judgment that the Defendant did not answer requests for disclosures and request for admissions. Yet the record shows that the Defendant did indeed su[b]mit those answers on November 5, 2005." On this issue, Unifund inadequately addresses Weaver's allegation that he answered the requests for admissions, merely arguing that Weaver failed to properly present it to the trial court. On the issue of whether Weaver responded to the requests for admissions, he did, as those responses are in the clerk's record.

On the issue of whether Weaver served his responses on Unifund, a factual dispute exists. Weaver's responses, along with his "letter answer," include a generic certificate of service. Unifund did not move for a default judgment and it asserts that the trial court treated Weaver's letter as an answer. From these events, we can infer that Unifund had notice of or received Weaver's answer, which was included with his responses to the requests for admissions. But whether Weaver served his responses on Unifund is ultimately of no consequence because they were filed in the trial court.

■ Under Rule 166a(c), summary judgment may only be rendered if the "discovery responses referenced or set forth in the motion ... and ... the admissions ... of the parties ... on file at the time of the hearing ... show that ...

there is no genuine issue as to any material fact...." Tex.R. Civ. P. 166a(c). Because Unifund's motion for summary judgment was based on alleged deemed admissions, but in fact Weaver's responses to those admission were on file, we hold that the trial court erred in granting the motion based on alleged deemed admissions.[1]

We sustain Weaver's third issue, and we need not address his other issues. We reverse the judgment, and remand the cause to the trial court.

Chief Justice GRAY dissenting.

TOM GRAY, Chief Justice, dissenting.

A party acting as their own lawyer is entitled to some latitude in the interpretation of their pleadings. *Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex.2005); *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–

85 (Tex.1978); *Baughman v. Baughman*, 65 S.W.3d 309, 312 (Tex.App.-Waco 2001, pet. denied). Parties representing themselves are not entitled to preferential treatment under the rules of procedure or the substantive law.[1] *Id.*

Unifund served Weaver with 27 requests for admissions. Weaver's "answer" to each and every request was "Defense: Texas Civil Practice & Remedies {Section 16.004{a} {3}." There is some discussion, but I do not think any disagreement, about whether these answers were ever served on the plaintiff. They were not timely served on Unifund. The rules require service of the responses to requests for admissions on the opposing party. Tex.R. Civ. P. 198.2(c). Filing of the response is not required, and if that is all that is done, it does not constitute compliance with the rule. *Id.* The requests for admissions were properly deemed admitted.[2]

---

1. We also address Weaver's responses to the requests for admissions. Unless a party responding to a request for admission states an objection or asserts a privilege, the party "must specifically admit or deny the request or explain in detail the reasons that the responding party cannot admit or deny the request." Tex.R. Civ. P. 198.2(b). Weaver's response to each request was: "Defense: Texas Civil Practice & Remedies (Section 16.004(a)(3))." Plainly, this was an invocation of the four-year statute of limitations on a debt cause of action, and indulging every reasonable inference in Weaver's favor, as we must, this invocation is most reasonably construed as an objection to each request on the ground that the debt claim is barred by limitations. No hearing on Weaver's objections to the request for admissions was held. *See* Tex.R. Civ. P. 193.4(a). Thus, not only are there no deemed admissions, there are no admissions at all to support the judgment.

1. Weaver's entire brief is set out as an appendix to this dissenting opinion. Unifund showed great patience and restraint throughout this proceeding and framed a response, as best as it could, to each of the 9 "issues." Given that the brief is so lacking in compliance with the Rules of Appellate Procedure, I

would not have accepted it. Further, to address the merits of the arguments in this brief, any of them, when we reject as inadequately briefed arguments made by other litigants, seems grossly inconsistent. *See e.g. In the Interest of B.C.S.*, No. 10–06–00408–CV, 2007 WL 2005050, 2007 Tex.App. LEXIS —— (Tex. App.-Waco July, 11, 2007, no pet. h.); *Belton v. Tex. Dep't of Crim. Justice*, No. 10–06–00142–CV, 2007 WL 475448, at *3, 2007 Tex. App. LEXIS 1074, *7–8 (Tex.App.-Waco Feb. 14, 2007, no pet.).

2. The discussion in the majority opinion of the filing of an answer, notice of the filing, and that no default judgment was sought or taken are all red herrings. It is well established that a filed but unserved answer, even just a letter to the trial court, will serve as an answer to the petition; and notice or service to or on the plaintiff is unnecessary to prevent a default judgment. *Smith v. Lippmann*, 826 S.W.2d 137, 138 (Tex.1992) (per curiam); *accord Hughes v. Habitat Apts.*, 860 S.W.2d 872 (Tex.1993) (per curiam); *Tex. Faith Partners v. Lindke*, No. 10–06–00028–CV, 2007 WL 117623, at *2, 2007 Tex.App. LEXIS 343, *4 (Tex.App.-Waco Jan. 17, 2007, no pet.). Other rules, however, apply to the response to

So when Unifund asserts that it was not served with a response to its requests for admissions, recognize that this is not inconsistent with Weaver's assertions and the majority's statement that "Weaver responded to the requests for admissions" because "those responses are in the Clerk's record." Nevertheless, those "responses" are not proper, or even good faith, responses to the request for admissions. *See* Tex.R. Civ. P. 198.2(b). And a patently improper response to a request for admission is the same as no response. *See* Tex.R. Civ. P. 215.4(a). For this additional reason, therefore, the requests for admissions, even if Weaver had timely served his answers on Unifund, were properly deemed admitted.

If the requests were not properly deemed admitted because the response was not timely served, or if they were not properly deemed admitted because the response was an improper or not a good faith response, they were admitted for another reason. They were, in fact and in substance, admitted. None of the 27 requests were denied. The answer was a "defense;" in essence, the requests were admitted but a defense was asserted to the claim, the statute of limitations defense.

Unifund was, therefore, entitled to the summary judgment with one caveat; unless the statute of limitation defense was timely raised by Weaver. Weaver's answers to the requests for admissions were ineffective as responses thereto, but they did raise the defense of limitations. But because Weaver did not file a response to the motion for summary judgment, it was not incumbent on Unifund to negate the defense of limitations raised by Weaver in his answers. *McConnell v. Southside Independent School Dist.*, 858 S.W.2d 337, 341 (Tex.1993) ("[I]ssues a non-movant contends avoid the movant's entitlement to

requests for admissions. *See* Tex.R. Civ. P. 198.2.

summary judgment must be expressly presented by written answer to the motion or by other written response to the motion and are not expressly presented by mere reference to summary judgment evidence"), citing *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979) ("the non-movant must expressly present to the trial court any reasons seeking to avoid movant's entitlement . . .").

Weaver failed to properly raise the defense of limitations in response to the motion for summary judgment and, therefore, I dissent to the judgment reversing the trial court and remanding this proceeding to the trial court for further proceedings.

## APPENDIX

BRIEF ON CAUSE NO. 20051532CV2

UNIFUND CCR PARTNERS, A PARTNERSHIP, ASSIGNEE OF EXXON/MOBIL PLATINUM, Plaintiff

Vs

KENNETH F. WEAVER, Defendant

BRIEF ON CAUSE NO.20051532CV2 (CIVIL)

TENTH COURT OF APPEALS NUMBER: 10–06–00207–CV

TO: Tenth Court of Appeals

Mclennan County Courthouse

501 Washington Ave., RM 415

Waco, Texas 76701–1327

Chief Justice

Tom Gray

Justices

Bill Vance

Felipe Reyna

The Appellant Kenneth F. Weaver submits a brief.

1} May it please The Tenth Court of Appeals: Texas Civil Practice and Remedies Code provides a 4–year limitations period for types of debt. The Statute of Limitations begins the day after the case of Action accrues, {Section 16.004(a)(3).

2} The Defendant did not get the CITATION # 0001617590P Court from the Court until November 3, 2005.

3} The Plaintiff's attorney stated on his Motion for a Hearing for a Summary Judgment that the Defendant did not answer requests for disclosures and request for admissions. Yet the record shows that The Defendant did indeed sumit those answers on November 5, 2005.

4} The Plaintiff's attorney used Texas Rules of Civil Procedure, Rule 194.5 & 194.2 which states that no objections is permitted to any request. Which is on the CITATION # 0001617590P DATED November 3, 2005 in section VI(K). Which states that pursuant to RULE 194.5, no objections is permitted to any request under RULE 194.2. The Defendant had to used The Statute of Limitations under Texas Civil Practice & remedies Section 16.004(a)(3) and Defense letters.

5} The Citation served to The Defendant on November 3, 2005 stated that if you or your attorney do not file a written answer with the Clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Three was not a default judgment taken against the defendant. The Defendant did answer requests for disclosures and request for admissions on time.

6) There was to many Hearings at the same time at The County Court AT—LAW NO.2 on June 28, 2006 at 1:30 P.M.

7) The speedy trial rule was not used. The defendant waited almost seven (7) months before going to Court.

8) The Defendant is very sick and is unable work.

Dated: OCTOBER *16*, 2006

Respectfully Submitted,