

IN THE

TENTH COURT OF APPEALS

————————

No. 10-09-00008-CV

IN RE RICKEY FANTROY

————————

Original Proceeding

## MEMORANDUM OPINION

By this mandamus proceeding, Rickey Fantroy asks for the following relief:

1. To enjoin his eviction;

2. To reverse a no-evidence summary judgment rendered against him in his suit against multiple defendants involved in the finance and mortgage of the house; and

3. To reverse a severance order which severed the defendants who obtained the above referenced judgment from the other defendants who had not obtained summary judgment.

Because the validity of the eviction proceeding was the subject of another appeal and because he has an adequate remedy by appeal of the judgment and severance order, Fantroy's petition for writ of mandamus is denied.

### PROCEDURAL ISSUES

Fantroy is acting as his own attorney. He is not unfamiliar with the process.

Since 2002, he has been before this Court as a party in seven proceedings. Although several of those proceedings related to family law matters, at least one was related directly to the property and mortgage thereon, which mortgage is the subject of the suit underlying this mandamus proceeding. Notwithstanding his frequent appearance before this Court, Fantroy has demonstrated a lack of understanding of the rules and laws by which we are bound. Notwithstanding that we give the pleadings of a person representing themselves substantial latitude, we cannot give them a procedural advantage because they are acting as their own attorney. *See Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005); *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978); *Baughman v. Baughman*, 65 S.W.3d 309, 312 (Tex. App.—Waco 2001, pet. denied); *Holt v. F.F. Enterprises*, 990 S.W.2d 756, 759 (Tex. App.—Amarillo 1998, pet. denied).

Fantroy's petition bears little resemblance to a petition for writ of mandamus and injunction that is compliant with the rules of appellate procedure. *See generally*, TEX. R. APP. P. 52, et seq. Nevertheless, because we have been able to determine that we must deny the petition in its entirety on its merits, we use Rule 2 to lift these procedural requirements and, thus, expedite the final disposition of this proceeding. TEX. R. APP. P. 2.

## BACKGROUND

Fantroy has previously suffered a judgment against him for forcible entry and detainer from the house at 405 Trinity Street, Cleburne, Texas. He appealed that judgment which had been rendered by the County Court at Law No. 2 in Johnson County. His initial brief was stricken "because it did not comply with the rules

regarding briefing," and we "allowed Fantroy time to file a compliant brief. No brief was filed. We then warned Fantroy that if we did not receive a response showing grounds for continuing the appeal within 21 days, his appeal may be dismissed for want of prosecution." *Fantroy v. AMC Mortgage Services, Inc.*, No. 10-07-00167-CV, 2008 Tex. App. LEXIS 4083 (Tex. App.—Waco June 4, 2008, no pet.) (mem. op.). His appeal was dismissed by a memorandum opinion on June 4, 2008. *Id.*

In a proceeding in the 413th District Court of Johnson County, Fantroy had sued various entities connected with making, extending, or servicing the mortgage on the property. One or more of those defendants moved for summary judgment, under Rule 166a(i), generally referred to as a no-evidence motion for summary judgment. The motion was granted and judgment was rendered that Fantroy take nothing from those defendants. The judgment was final as to those defendants but, because there were other defendants, it was not final for all purposes. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). To make it final for all purposes, the defendants moved for severance of the suit against them from the remainder of the defendants. That motion was granted, and the trial court proceeding was severed; thus, the take nothing judgment as to those defendants that moved for and obtained summary judgment is now a final judgment for purposes of appeal.

## APPLICATION OF LAW

The propriety of the right to immediate possession of the house was the subject of the County Court at Law proceeding and the prior appeal; it is not an issue before the trial court in the district court action. *Mitchell v. Wells Fargo Bank*, No. 10-07-00296-CV,

2008 Tex. App. LEXIS 7311 (Tex. App.—Waco Sept. 3, 2008, no pet.) (mem. op.). The County Court at Law's judgment regarding the right to immediate possession is now final for all purposes, and this Court's mandate issued December 1, 2008. We cannot now review the propriety of the eviction of Fantroy from the house and, thus, deny his petition and motion for emergency relief to the extent it seeks to enjoin his being evicted.

To be entitled to relief by mandamus, the Relator must not have an adequate remedy by direct appeal. *In re Sw. Bell Tel. Co.*, 226 S.W.3d 400, 403 (Tex. 2007) (orig. proceeding). Fantroy has not presented, and we do not perceive, any reason why Fantroy cannot address his complaints about the severance and take nothing judgment in a direct appeal from the severed proceeding. Accordingly, to the extent the petition seeks reversal of the order of severance and the take nothing judgment by mandamus, it is denied.

## CONCLUSION

For the reasons stated above, Fantroy's petition for writ of mandamus and injunction and request for emergency relief is denied.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Reyna, and
    Justice Davis
Petition denied
Opinion delivered and filed January 9, 2009
[OT06]