ACCEPTED
14-15-00279-cv
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
5/6/2015 10:02:34 AM
CHRISTOPHER PRINE
CLERK

## CASE NO. 14-15-00279-CV

| | | |
|---|---|---|
| **LOREN ROSE JEREMY** | § | **IN THE FOURTEENTH** |
| | § | |
| *Appellant,* | § | |
| | § | |
| **v.** | § | **COURT OF APPEALS** |
| | § | |
| **NICHOLAS DUSAN JEREMY** | § | |
| | § | |
| *Appellee.* | § | **HOUSTON, TEXAS** |

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
5/6/2015 10:02:34 AM
CHRISTOPHER A. PRINE
Clerk

### APPELLANT'S MOTION TO CHALLENGE ORDER SUSTAINING CONTEST

### TO THE HONORABLE JUSTICES OF THE FOURTEENTH COURT OF APPEALS:

Appellant, Loren Rose Jeremy, asks the Court to review the trial court's order sustaining the contest to his indigence.

### INTRODUCTION

1.     This is an appeal of a final decree of divorce wherein Loren Rose Jeremy is Appellant, and Nicholas Dusan Jeremy is Appellee.

2.     The Court signed the final decree of divorce on December 18, 2014, in favor of Appellee and against Appellant awarding primary custody of the parties' minor children to Appellee.

3.     Appellant timely filed a motion for new trial, which was overruled by operation of law on March 3, 2015.  Appellant was notified on April 1, 2015 by the clerk of this court that she would be responsible for paying the costs to prepare the appellate record.  On March 28, 2015, Appellant timely filed her affidavit of indigence. TEX. R. APP. P. 20.1(c)(1).

4.     On April 6, 2015, the court reporter, Ronald F. Vella, filed a contest to Appellant's affidavit of indigency.  The hearing on the contest was extended by written order to April 29, 2015.

5.     On April 29, 2015, the court held an evidentiary hearing on the contest and sustained the contest by written order.

## ARGUMENT & AUTHORITIES

6.     A party is entitled to a free appellate record if she establishes indigency under Texas Rule of Appellate Procedure 20.1 and the court finds that the appeal is not frivolous and that appellate record is necessary to decide the issues presented.  TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(a)(2).

7.     If a trial court sustains a contest to an affidavit of indigence, the party claiming indigence can seek review of the trial court's order by filing a motion challenging the order without advance payment of costs.  TEX. R. APP. P. 20.1(j)(1).

8.     The standard of review by an appellate court on such a motion challenging an order sustaining a contest is whether the trial court abused its discretion in finding that the record as a whole showed the indigent was not able to pay costs of the appeal even though a good-faith effort was made.  *White v. Bayless,* 40 S.W.3d 574, 576 (Tex. App.—San Antonio 2001, pet. denied); *see Baughman v. Baughman,* 65 S.W.3d 309, 316 n.5 (Tex. App.—Waco 2001, pet. denied).

9.     Appellant seeks to appeal on the following issues:  (a) whether the trial court abused its discretion in finding that Appellee should be the custodial parent of the parties' minor children; and (b) whether the trial court abused its discretion in finding that Appellee be required to change her treating psychiatrist.

10.     This appeal is not frivolous because Appellant, through her attorney of record, appeared at the final hearing and preserved error on each of the aforementioned issues.  If Appellant is successful on either of her issues on appeal, this case will be required to be retried, at least in part.

11.     Thus, this court should grant this motion and overrule the trial court's determination sustaining the contest due to Appellant's alleged failure to meet the standard for indigency.

## APPELLATE RECORD NECESSARY

12.     There are no documents from the clerk's record not required by Rule 34.5 but necessary for this appeal.

13.     Appellant will request a reporter's record for this appeal. The complete reporter's record is necessary because Appellant will challenge the factual and legal sufficiency of the evidence, the trial court's rulings on the admissibility of evidence; and the trial court's rulings on Appellant's posttrial motions.

## CONCLUSION

14.     Appellant is entitled to a free appellate record because she can establish indigency under Texas Rule of Appellate Procedure 20.1, her appeal is not frivolous, and the appellate record is necessary to decide the issues presented. First, Appellant, based on the record made by the trial court, has proven she is unable to pay the costs of the appeal because of her indigence. Second, this appeal is not frivolous because Appellant is raising issues on appeal which, if sustained, would require at least a partial retrial. Finally, the complete reporter's record is necessary because Appellant will challenge the factual and legal sufficiency of the evidence, the trial court's rulings on the admissibility of evidence; and the trial court's rulings on Appellant's posttrial motions. Thus, the trial court's order sustaining the contest to his indigence is error as it was based solely on the erroneous ruling that Appellant has failed to meet the stadard for indigence.

**PRAYER**

15.     For these reasons, Appellant asks the Court to grant her motion challenging the trial court's order sustaining contest and order the clerk of trial court and the official trial court reporter to prepare a free appellate record.

Respectfully submitted,

By: _*Mark Aronowitz*_____
MARK ARONOWITZ
Attorney for Appellant
State Bar No. 00793281
P.O. Box 1201
Texas City, TX 77592-1201
Tel:     (713) 894-3857
Fax:     (409) 765-2905

**CERTIFICATE OF SERVICE**

I certify that a true copy of the above was served on each attorney or party in accordance with the Texas Rules of Civil Procedure on May 6, 2013.

_*Mark Aronowitz*_____
MARK ARONOWITZ