**Order issued March 17, 2022**



In The

# Court of Appeals

**For The**

# First District of Texas

———————————

## NO. 01-21-00283-CV

———————————

**CHALYNN LACEY WILSON, Appellant**

**V.**

**RAY VICTOR WILSON, Appellee**

---

**On Appeal from the 257th District Court**
**Harris County, Texas**
**Trial Court Case No. 2017-84605**

---

## MEMORANDUM ORDER

Appellant, Chalynn Lacey Wilson, has filed a motion to review the trial court's order sustaining the court reporter's contest to appellant's Statement of Inability to Afford Payment of Court Costs. *See* TEX. R. CIV. P. 145(g). We affirm the trial court's order.

Texas Civil Rule of Procedure 145 requires a party claiming an inability to afford payment of court costs to file a statement of inability. *See* TEX. R. CIV. P. 145(b). The party must provide evidence in the statement, or in the attachments to it, that she does not have the funds to afford payment of court costs. TEX. R. CIV. P. 145(a), (e). In deciding whether a party is indigent or unable to afford payment of court costs, the trial court determines whether the preponderance of the evidence shows that she is unable, despite a good faith effort, to pay all or part of the costs. *See Moreno v. Perez*, 363 S.W.3d 725, 742 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (quoting *Higgins v. Randall Cnty. Sheriff's Off.*, 257 S.W.3d 684, 686–87 (Tex. 2008)).

We review a trial court's order under Rule 145 for an abuse of discretion. *Moreno*, 363 S.W.3d at 735. The trial court abuses its discretion when it acts without reference to any guiding rules or principles; the facts and law permit only one decision, which is the opposite of the trial court's decision; or the ruling is so arbitrary and unreasonable as to be clearly wrong. *See id.*; *Jackson v. Tex. Bd. Of Pardons & Paroles*, 178 S.W.3d 272, 275 (Tex. App.—Houston [1st Dist.] 2005, no pet.).

The trial court's order sustaining the contest to appellant's Statement of Inability to Afford Payment of Court Costs includes detailed findings required by Rule 145. *See* TEX. R. CIV. P. 145(f)(2). Among other things, the court found that:

- Appellant's Statement of Inability to Afford Payment of Court Costs states that appellant (i) is not being represented in this case by an attorney who is providing free legal services to the appellant, without contingency, through a Texas Access to Justice Foundation provider, a Legal Services Corporation provider, or a nonprofit organization; (ii) has not applied in this case for free legal services through a Texas Access to Justice Foundation provider, a Legal Services Corporation provider, or a nonprofit organization; and (iii) has income of $1,500.00 per month from her online store;

- At or about the time the appellant filed her Statement of Inability to Afford Payment of Court Costs, appellant paid her attorney the sum of $10,000.00;

- Appellant testified that she has intentionally decreased the amount of business she has accepted;

- Although appellant's Statement of Inability to Afford Payment of Court Costs states that appellant is paying monthly school and childcare expenses of $484.00 per month, the children are not in appellant's possession;

- As of the evidentiary hearing, appellant "has not furnished any collateral information or evidence to support the statements contained in the Statement of Inability to Afford Payment of Court Costs or an Appeal Bond filed by the [appellant];"

- At the evidentiary hearing, the court "took judicial notice of the Court's file indicating the extensive litigation imposed by [appellant], including a plethora of pleadings over a long period of time in pursuit of this case;" and

- As of the evidentiary hearing, "the Court has not been provided with adequate information or evidence in order to make a finding that [appellant] is legally indigent."

Appellant's motion to review challenges these last three findings.

To establish that the trial court abused its discretion in concluding that appellant did not establish her inability to afford payment of court costs, appellant must show in her motion that the grounds relied on by the trial court did not support

its ultimate conclusion. *See Britton v. Tex. Dep't of Crim. Justice*, 95 S.W.3d 676, 680–81 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (appellant must attack all independent bases or grounds that fully support complained-of ruling or judgment; if appellant does not do so, we must affirm trial court's ruling because no abuse of discretion). Here, appellant's motion to review does not challenge all of the trial court's grounds for concluding that she failed to demonstrate an inability to afford payment of court costs.

Among other things, appellant's motion does not challenge, or even discuss, the trial court's finding that appellant testified that she intentionally decreased the amount of business she accepted. The trial court's finding is supported by the record because, at the hearing, appellant testified that (1) she "put [her] business on the back burner so [she] can focus on all of these court proceedings" and (2) she has been "turning down tons of order" to focus on other matters. Accordingly, we cannot conclude that the trial court abused its discretion in sustaining the contest to appellant's Statement of Inability to Afford Payment of Court Costs. *See Basaldua v. Hadden*, 298 S.W.3d 238, 241-42 (Tex. App.—San Antonio 2009, no pet.) (no error in sustaining contest to affidavit of indigence where appellant "had not 'been able to work as much as [he] should work' because he had various lawsuits pending"); *Baughman v. Baughman*, 65 S.W.3d 309, 316 (Tex. App.—Waco 2001, no pet.) (affirming order sustaining contest where there was "sufficient evidence in

4

the record from which the trial court could have determined that [appellant's] unemployment was voluntary and that he would be able to pay the costs, or some part thereof, if he really wanted to and made a good faith effort to do so."); *see also Steele v. UG Nat'l Constructive*, No. 05-19-01397-CV, 2020 WL 2519895, at *3 (Tex. App.—Dallas May 18, 2020, no pet.) ("Given the lack of documentation to support appellant's assertions and the record demonstrating appellant is essentially voluntarily unemployed, we conclude the trial court did not abuse its discretion in requiring appellant to pay the fees for the clerk's and reporter's records.").

For the foregoing reasons, appellant has failed to demonstrate that the trial court abused its discretion in sustaining the contest to appellant's Statement of Inability to Afford Payment of Court Costs. Accordingly, we affirm the trial court's order.

**PER CURIAM**

Panel consists of Justices Landau, Hightower, and Rivas-Molloy.