**In the Interest of Taylor Ashley SMITH, a Child.**

**No. 04–01–00532–CV.**

Court of Appeals of Texas, San Antonio.

Oct. 31, 2001.

Shelly Smith, San Antonio, pro se.

Michael Wayne Jackson, Law Offices of Michael Wayne Jackson, Boerne, Mary Kay Delavan, (ADL), Attorney At Law, San Antonio, for Appellee.

Sitting: ALMA L. LÓPEZ, Justice, CATHERINE STONE, Justice and PAUL W. GREEN, Justice.

## OPINION

ALMA L. LÓPEZ, Justice.

■ The appellant in the above numbered and styled appeal filed a notice of appeal on August 8, 2001, to challenge the trial court's judgment entered on June 4, 2001. The appellant also filed her affidavit of indigency and a motion to abate the appeal pending resolution of her affidavit of indigence and request for the record to challenge the trial court's order sustaining the appellee, William N. Wetz's, contest to her affidavit of indigence. The clerk and court reporter duly filed their records concerning the indigency ruling pursuant to our order of September 20, 2001, and we have reviewed the record. *See* TEX.R.APP. P. 34.5(c)(1); 34.6(d); *In re Arroyo*, 988 S.W.2d 737, 737 (Tex.1998). Our review is governed by an abuse of discretion standard. *De La Vega v. Taco Cabana, Inc.*, 974 S.W.2d 152, 154 (Tex.App.—San Antonio 1998, no pet.).

■ The Texas Family Code now requires the trial court to appoint an attorney ad litem to represent the interests of an indigent parent who opposes the termination of her parental rights. *See* TEX. FAM.CODE ANN. § 107.013(a)(1) (Vernon Supp.2001). The statute regarding appointment of counsel for indigent parents does not expressly provide for representation on appeal. *See id.* The Tenth Court of Appeals has opined that parental rights would not be adequately protected if an indigent parent, whose parental rights were in jeopardy of being terminated, was required to pursue an appeal without an attorney. *In re T.V.*, 8 S.W.3d 448, 450 (Tex.App.—Waco 1999, orig. proceeding).

However, the fundamental issue at this point is whether appellant is truly indigent. During the three week trial on the merits (as noted in the limited record on appeal at this juncture), appellant took the position that she had the financial ability to care for her ten-year old child. At that time she was gainfully employed, but nevertheless, received a court-appointed attorney to represent her interests. Appellant testified at the hearing on her motion for reconsideration of the order sustaining Wetz's contest to indigency that she was then currently unemployed, but had applied for the position of surgery technician at several veterinary clinics, the same type of job she has previously held and at which she earned $7.00 per hour. She also emphatically stated that she did not intend to apply for any other type of position and had not sought other types of jobs at grocery stores and fast food restaurants which pay a similar wage. She testified she was now living off the kindness of friends and a Lone Star card. She also testified that she had been depressed after the trial and had a bout with pancreatitis. The medical records she offered to support her recent illness, as good cause for her failure to appear at an earlier scheduled hearing, showed that she was prescribed bed rest for one day. However, she testified that she would need several weeks to feel well enough to go to work if any of these job prospects called her. She made several efforts during the indigency hearing to stifle an apparent bout of nausea. The trial court stated:

> I'm going to find pursuant to 13.003 that the appeal would be frivolous. I am going to find that Ms. Smith and through my long involvement with Ms. Smith is a resourceful person who has no dependents, who lives in the better part of San Antonio and throughout the trial lived in a townhouse and paid rent for [sic] $425 per month, that she is

purposefully unemployed at this point. She is able to work and is choosing to be indigent at this point.

In light of that, I am going to deny the motion for reconsideration and deny her request for an attorney on appeal. She receives—I feel that she receives full due process, and I feel that I have stretched a great deal to ensure that she had an attorney at the trial court level. The matter was fully litigated over almost three weeks, and by—and she was represented by very competent counsel. And this is, one a private custody matter, so there is not state action, and I think what—your points as to the statute are well taken, Mr. Jackson.

Having reviewed the record, we do not find that the trial court abused its discretion in sustaining the indigency contest or in denying appellant's motion for reconsideration. Therefore, the appellant is not entitled to proceed in this appeal without advance payment of costs and the filing fee. The appellant must file within fifteen days of the date of this order evidence that she has made appropriate arrangements for payment of the record on appeal and the filing fee. Failure to make such a showing shall result in a dismissal for failure to prosecute this appeal. *See In re Arroyo*, 988 S.W.2d at 738. It is so ORDERED.