Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

## MEMORANDUM OPINION

No. 04-08-00340-CV

**IN THE INTEREST OF S.M.**, I.T., and J.D.T., Children

From the 79th Judicial District Court, Jim Wells County, Texas
Trial Court No. 06-10-45136
Honorable Ricardo H. Garcia, Judge Presiding

Opinion by:    Alma L. López, Chief Justice

Sitting:    Alma L. López, Chief Justice
Karen Angelini, Justice
Steven C. Hilbig, Justice

Delivered and Filed:    October 22, 2008

AFFIRMED

The trial court appointed the Texas Department of Family and Protective Services as managing conservator over L.S.M.'s three children without terminating L.S.M.'s parental rights. *See* TEX. FAM. CODE ANN. § 263.404 (Vernon 2002). After a hearing pursuant to section 263.405 of the Texas Family Code and after allowing the parties to file additional briefing, the trial court found that L.S.M. is not indigent, and her appeal from the trial court's order would be frivolous. *See* TEX. FAM. CODE ANN. § 263.405 (Vernon Supp. 2008). L.S.M. contends the trial court abused its discretion in making those findings.

We review a trial court's determination that an appeal is frivolous under an abuse of discretion standard. *In re W.B.W., Jr.*, 2 S.W.3d 421, 422 (Tex. App.—San Antonio 1999, no pet.).

An appeal is frivolous when it lacks an arguable basis in law or in fact. *De La Vega v. Taco Cabana, Inc.*, 974 S.W.2d 152, 154 (Tex. App.—San Antonio 1998, no pet.). In determining whether an appeal is frivolous, the trial judge may consider whether the appellant has presented a substantial question for appellate review. TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(b) (Vernon 2002); TEX. FAM. CODE ANN. § 263.405(d)(3) (Vernon Supp. 2008).

In response to the opportunity the trial court gave the parties to file additional briefing after the hearing, the Department submitted a brief addressing whether L.S.M.'s appeal would be frivolous; however, L.S.M. did not submit a brief. In her brief filed in this court, L.S.M. asserts the trial court abused its discretion in finding an appeal of the following issues raised in her statement of appellate points would be frivolous: (1) the trial court's failure to name her as a possessory conservator in its order; (2) the trial court's denial of her right to a fair jury trial because the father of two of the children, who agreed with the appointment of the Department as managing conservator, was allowed to participate in jury selection which disallowed L.S.M. more strikes; and (3) the sufficiency of the evidence to support the jury's finding that appointment of L.S.M. as managing conservator would not be in the best interest of the children because the appointment would significantly impair the children's physical health or emotional development.

With regard to the denial of a fair trial, the Department noted in its trial brief that the jury strikes were divided between the Department and the children's attorney ad litem, and no objection was made with regard to the number of jury strikes. *See* TEX. R. APP. P. 33.1 (requiring objection to preserve error). In addition to the preservation of error problem, L.S.M. failed to present any argument or explain how the manner in which the jury strikes were divided resulted in a materially

unfair trial. *Patterson Dental Co. v. Dunn*, 592 S.W.2d 914, 921 (Tex. 1979). Accordingly, the trial court did not err in finding that L.S.M.'s assertion of this issue on appeal would be frivolous.

With regard to the sufficiency of the evidence, L.S.M. testified at trial that she had admitted herself to a psychiatric facility on several occasions and had overdosed on several occasions requiring hospitalization. L.S.M. admitted that she had failed to comply with the Department's service plan and that she used controlled substances. L.S.M. testified as to her instability in obtaining and maintaining employment and appropriate housing. L.S.M.'s therapist also testified that L.S.M. was not ready to have her children returned to her. Pictures of the home from which the children were removed were introduced into evidence depicting the deplorable conditions and unsuitability of the home environment. Rosario Ramos, a caseworker, testified that L.S.M. could not meet the children's needs and that the children would face emotional and physical dangers if returned to L.S.M. In view of this evidence, the trial court did not abuse its discretion in finding that an appellate point based on the sufficiency of the evidence would be frivolous.

In the final issue L.S.M. raised in her statement of appellate points, L.S.M. asserted that the trial court was required to appoint her as a possessory conservator pursuant to section 153.191 of the Texas Family Code. Based on the evidence previously summarized, however, the trial court did not abuse its discretion in finding that an appeal on the basis that L.S.M. was not appointed as possessory conservator under section 153.191 would be frivolous.[1] *See* TEX. FAM. CODE ANN. 153.191 (Vernon 2002) (court not required to appoint parent as possessory conservator if appointment not in best interest of the child and parental possession would endanger the physical and emotional welfare of the child).

---

[1] We note that the record reflects that L.S.M. is being given visitation with her children pursuant to the Department's current service plan.

We also review the trial court's indigence finding under an abuse of discretion standard. *In re Smith*, 70 S.W.3d 167, 168 (Tex. App.—San Antonio 2001, no pet.). Even absent a contest, section 263.405 requires the trial court to determine whether L.S.M.'s claim of indigence should be sustained. *See* TEX. FAM. CODE ANN. § 263.405(d),(e) (Vernon Supp. 2008). At the hearing on May 27, 2008, L.S.M. testified that she was employed during the trial but decided to take maternity leave beginning on May 8, 2008. While employed, L.S.M. was working almost 40 hours every week and making $8.00 per hour. L.S.M.'s expected delivery date was not until August 16, 2008. In response to whether a medical reason precluded her from working, L.S.M. admitted that she did not have a doctor's excuse. A party's claim of indigence will fail if that party is voluntarily unemployed. *In re A.M.R.*, No. 04-02-00333-CV, 2002 WL 31830482, at *1 (Tex. App.—San Antonio Dec. 18, 2002, no pet.) (mem. op.); *In re Smith*, 70 S.W.3d at 169. In view of the evidence presented, the trial court did not abuse its discretion in finding that L.S.M. is not indigent.

The trial court's order is affirmed.

Alma L. López, Chief Justice