*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★          ★ ★ ★

## MEMORANDUM OPINION

No. 04-08-00340-CV

**IN THE INTEREST OF S.M.**, I.T., and J.D.T., Children

From the 79th Judicial District Court, Jim Wells County, Texas
Trial Court No. 06-10-45136
Honorable Ricardo H. Garcia, Judge Presiding

Opinion by:     Alma L. López, Chief Justice

Sitting:        Alma L. López, Chief Justice
                Karen Angelini, Justice
                Steven C. Hilbig, Justice

Delivered and Filed:    December 31, 2008

AFFIRMED IN PART; REVERSED IN PART

      The motion for rehearing filed by appellant is granted in part. This court's opinion and judgment dated October 22, 2008 are withdrawn, and this opinion and order are substituted. We grant the motion for rehearing as to the issue relating to the appointment of L.S.M. as possessory conservator.

### BACKGROUND

      The trial court appointed the Texas Department of Family and Protective Services as managing conservator over L.S.M.'s three children without terminating L.S.M.'s parental rights. *See* TEX. FAM. CODE ANN. § 263.404 (Vernon 2002). After a hearing pursuant to section 263.405(d)

of the Texas Family Code and after allowing the parties to file additional briefing,[1] the trial court found that L.S.M. is not indigent, and her appeal from the trial court's order would be frivolous. *See* TEX. FAM. CODE ANN. § 263.405(d) (Vernon Supp. 2008). L.S.M. contends the trial court abused its discretion in making those findings.

## FRIVOLOUS APPEAL

We review a trial court's determination that an appeal is frivolous under an abuse of discretion standard. *In re W.B.W., Jr.*, 2 S.W.3d 421, 422 (Tex. App.—San Antonio 1999, no pet.). An appeal is frivolous when it lacks an arguable basis in law or in fact. *De La Vega v. Taco Cabana, Inc.*, 974 S.W.2d 152, 154 (Tex. App.—San Antonio 1998, no pet.). In determining whether an appeal is frivolous, the trial judge may consider whether the appellant has presented a substantial question for appellate review. TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(b) (Vernon 2002); TEX. FAM. CODE ANN. § 263.405(d)(3) (Vernon Supp. 2008).

L.S.M. asserts the trial court abused its discretion in finding an appeal of the following issues raised in her statement of appellate points would be frivolous: (1) the trial court's denial of her right to a fair jury trial because the father of two of the children, who agreed with the appointment of the Department as managing conservator, was allowed to participate in jury selection which disallowed L.S.M. more strikes; (2) the sufficiency of the evidence to support the jury's finding that appointment of L.S.M. as managing conservator would not be in the best interest of the children because the appointment would significantly impair the children's physical health or emotional development; and (3) the trial court's failure to name her as a possessory conservator in its order.

---

[1] In response to the opportunity the trial court gave the parties to file additional briefing after the hearing, the Department submitted a brief addressing whether L.S.M.'s appeal would be frivolous; however, L.S.M. did not submit a brief.

With regard to the denial of a fair trial, the Department noted in its trial brief that the jury strikes were divided between the Department and the children's attorney ad litem, and no objection was made with regard to the number of jury strikes. *See* TEX. R. APP. P. 33.1 (requiring objection to preserve error). In addition to the potential problem with error preservation, L.S.M. failed to explain in her brief how the manner in which the jury strikes were divided resulted in a materially unfair trial.[2] *Patterson Dental Co. v. Dunn*, 592 S.W.2d 914, 921 (Tex. 1979) (relaxing traditional "harmless error" rule but requiring complaining party to show that trial was materially unfair). Accordingly, the trial court did not err in finding that L.S.M.'s assertion of this issue on appeal would be frivolous.

With regard to the sufficiency of the evidence, L.S.M. testified at trial that she had admitted herself to a psychiatric facility on several occasions and had overdosed on several occasions requiring hospitalization. L.S.M. admitted that she had failed to comply with the Department's service plan and that she used controlled substances. L.S.M. testified as to her instability in obtaining and maintaining employment and appropriate housing. L.S.M.'s therapist also testified that L.S.M. was not ready to have her children returned to her. Pictures of the home from which the children were removed were introduced into evidence depicting the deplorable conditions and unsuitability of the home environment. Rosario Ramos, a caseworker, testified that L.S.M. could not meet the children's needs and that the children would face emotional and physical dangers if returned to L.S.M. In view of this evidence, the trial court did not abuse its discretion in finding that

---

[2] This issue does not even appear to have been verbally presented to the trial court at the section 263.405(d) hearing, and the only sentence in L.S.M.'s brief pertaining to the issue states, "The Appellant further contend[s] that she was denied the right to a fair trial because the trial court allowed Respondent [father] to participate in jury selection and the trial and thus confused the jury and interfered with Appellant's right to a fair trial."

an appellate point based on the sufficiency of the evidence would be frivolous.

The final issue raised in L.S.M.'s statement of appellate points was that the trial court was required to appoint her as a possessory conservator pursuant to section 153.191 of the Texas Family Code. In our original opinion, we noted that the trial court did not abuse its discretion in finding that an appeal on this basis also would be frivolous given the evidence previously summarized.[3] *See* TEX. FAM. CODE ANN. 153.191 (Vernon 2002) (court not required to appoint parent as possessory conservator if appointment not in best interest of the child and parental possession would endanger the physical and emotional welfare of the child).

In addition to filing a motion for rehearing requesting that we reconsider this issue, L.S.M. also filed the portion of the reporter's record containing the trial judge's discussion of the judgment he intended to enter based on the jury's verdict. This portion of the reporter's record demonstrates the problems that arise when the trial judge who presides over the trial does not also preside over the section 263.405(d) hearing to determine whether an appeal of issues arising from that trial or relating to the judgment entered as a result of that trial would be frivolous. From the discussion by the trial judge who presided over the trial regarding the judgment to be entered, it is readily apparent that the trial judge intended to appoint L.S.M. as a possessory conservator. In fact, the trial judge was advocating an immediate increase in L.S.M.'s visitation rights. Initially, the trial judge told L.S.M., "I think you've made a tremendous amount of progress. You're a different person today than the person I first met when all of this got started." The trial judge further noted, "So, let's keep working towards what, I think, the ultimate goal is of getting these children back with their mom." The trial judge finally asserted, "I want the children and the mother to have as much time as possible. ... I'd

---

[3] In our original opinion, we noted that the record reflected that L.S.M. was being given visitation with her children pursuant to the Department's current service plan.

like to see what we can do about getting [L.S.M.] more visitation right now, too." Accordingly, based on the record presented, the trial court abused its discretion in determining that an appeal of the issue relating to the failure to appoint L.S.M. as a possessory conservator would be frivolous.

## INDIGENCY

We also review the trial court's indigence finding under an abuse of discretion standard. *In re Smith*, 70 S.W.3d 167, 168 (Tex. App.—San Antonio 2001, no pet.). Even absent a contest, section 263.405 requires the trial court to determine whether L.S.M.'s claim of indigence should be sustained. *See* TEX. FAM. CODE ANN. § 263.405(d),(e) (Vernon Supp. 2008). At the hearing on May 27, 2008, L.S.M. testified that she was employed during the trial but decided to take maternity leave beginning on May 8, 2008. While employed, L.S.M. was working almost 40 hours every week and making $8.00 per hour. L.S.M.'s expected delivery date was not until August 16, 2008. In response to whether a medical reason precluded her from working, L.S.M. admitted that she did not have a doctor's excuse. A party's claim of indigence will fail if that party is voluntarily unemployed. *In re A.M.R.*, No. 04-02-00333-CV, 2002 WL 31830482, at *1 (Tex. App.—San Antonio Dec. 18, 2002, no pet.) (mem. op.); *In re Smith*, 70 S.W.3d at 169. In view of the evidence presented, the trial court did not abuse its discretion in finding that L.S.M. is not indigent.

## CONCLUSION

The portion of the trial court's order finding that an appeal of the issue relating to the trial court's failure to appoint L.S.M. as a possessory conservator is reversed, and L.S.M. is entitled to proceed with a brief on the merits of that issue. The remainder of the trial court's order is affirmed.

Alma L. López, Chief Justice