•            •           • 
 • • •




MEMORANDUM OPINION

No. 04-08-00340-CV

IN THE INTEREST OF S.M., I.T., and J.D.T., Children

From the 79th Judicial District Court, Jim Wells County, Texas
Trial Court No. 06-10-45136
Honorable Ricardo H. Garcia, Judge Presiding
 
Opinion by:    Alma L. López, Chief Justice
 
Sitting:            Alma L. López, Chief Justice
                        Karen Angelini, Justice
Steven C. Hilbig, Justice

Delivered and Filed: December 31, 2008

AFFIRMED IN PART; REVERSED IN PART
            The motion for rehearing filed by appellant is granted in part. This court’s opinion and
judgment dated October 22, 2008 are withdrawn, and this opinion and order are substituted. We
grant the motion for rehearing as to the issue relating to the appointment of L.S.M. as possessory
conservator.
Background
            The trial court appointed the Texas Department of Family and Protective Services as
managing conservator over L.S.M.’s three children without terminating L.S.M.’s parental rights. 
See Tex. Fam. Code Ann. § 263.404 (Vernon 2002). After a hearing pursuant to section 263.405(d)
of the Texas Family Code and after allowing the parties to file additional briefing,


 the trial court
found that L.S.M. is not indigent, and her appeal from the trial court’s order would be frivolous. See 
Tex. Fam. Code Ann. § 263.405(d) (Vernon Supp. 2008). L.S.M. contends the trial court abused
its discretion in making those findings.
Frivolous Appeal
            We review a trial court’s determination that an appeal is frivolous under an abuse of
discretion standard. In re W.B.W., Jr., 2 S.W.3d 421, 422 (Tex. App.—San Antonio 1999, no pet.). 
An appeal is frivolous when it lacks an arguable basis in law or in fact. De La Vega v. Taco Cabana,
Inc., 974 S.W.2d 152, 154 (Tex. App.—San Antonio 1998, no pet.). In determining whether an
appeal is frivolous, the trial judge may consider whether the appellant has presented a substantial
question for appellate review. Tex. Civ. Prac. & Rem. Code Ann. § 13.003(b) (Vernon 2002); Tex.
Fam. Code Ann. § 263.405(d)(3) (Vernon Supp. 2008).
            L.S.M. asserts the trial court abused its discretion in finding an appeal of the following issues
raised in her statement of appellate points would be frivolous: (1) the trial court’s denial of her right
to a fair jury trial because the father of two of the children, who agreed with the appointment of the
Department as managing conservator, was allowed to participate in jury selection which disallowed
L.S.M. more strikes; (2) the sufficiency of the evidence to support the jury’s finding that
appointment of L.S.M. as managing conservator would not be in the best interest of the children
because the appointment would significantly impair the children’s physical health or emotional
development; and (3) the trial court’s failure to name her as a possessory conservator in its order.
            With regard to the denial of a fair trial, the Department noted in its trial brief that the jury
strikes were divided between the Department and the children’s attorney ad litem, and no objection
was made with regard to the number of jury strikes. See Tex. R. App. P. 33.1 (requiring objection
to preserve error). In addition to the potential problem with error preservation, L.S.M. failed to
explain in her brief how the manner in which the jury strikes were divided resulted in a materially
unfair trial.


 Patterson Dental Co. v. Dunn, 592 S.W.2d 914, 921 (Tex. 1979) (relaxing traditional
“harmless error” rule but requiring complaining party to show that trial was materially unfair). 
Accordingly, the trial court did not err in finding that L.S.M.’s assertion of this issue on appeal
would be frivolous.
            With regard to the sufficiency of the evidence, L.S.M. testified at trial that she had admitted
herself to a psychiatric facility on several occasions and had overdosed on several occasions
requiring hospitalization. L.S.M. admitted that she had failed to comply with the Department’s
service plan and that she used controlled substances. L.S.M. testified as to her instability in
obtaining and maintaining employment and appropriate housing. L.S.M.’s therapist also testified
that L.S.M. was not ready to have her children returned to her. Pictures of the home from which the
children were removed were introduced into evidence depicting the deplorable conditions and
unsuitability of the home environment. Rosario Ramos, a caseworker, testified that L.S.M. could
not meet the children’s needs and that the children would face emotional and physical dangers if
returned to L.S.M. In view of this evidence, the trial court did not abuse its discretion in finding that
an appellate point based on the sufficiency of the evidence would be frivolous. 
            The final issue raised in L.S.M.’s statement of appellate points was that the trial court was
required to appoint her as a possessory conservator pursuant to section 153.191 of the Texas Family
Code. In our original opinion, we noted that the trial court did not abuse its discretion in finding that
an appeal on this basis also would be frivolous given the evidence previously summarized.


 See
Tex. Fam. Code Ann. 153.191 (Vernon 2002) (court not required to appoint parent as possessory
conservator if appointment not in best interest of the child and parental possession would endanger
the physical and emotional welfare of the child). 
            In addition to filing a motion for rehearing requesting that we reconsider this issue, L.S.M.
also filed the portion of the reporter’s record containing the trial judge’s discussion of the judgment
he intended to enter based on the jury’s verdict. This portion of the reporter’s record demonstrates
the problems that arise when the trial judge who presides over the trial does not also preside over the
section 263.405(d) hearing to determine whether an appeal of issues arising from that trial or relating
to the judgment entered as a result of that trial would be frivolous. From the discussion by the trial
judge who presided over the trial regarding the judgment to be entered, it is readily apparent that the
trial judge intended to appoint L.S.M. as a possessory conservator. In fact, the trial judge was
advocating an immediate increase in L.S.M.’s visitation rights. Initially, the trial judge told L.S.M.,
“I think you’ve made a tremendous amount of progress. You’re a different person today than the
person I first met when all of this got started.” The trial judge further noted, “So, let’s keep working
towards what, I think, the ultimate goal is of getting these children back with their mom.” The trial
judge finally asserted, “I want the children and the mother to have as much time as possible. ... I’d
like to see what we can do about getting [L.S.M.] more visitation right now, too.” Accordingly,
based on the record presented, the trial court abused its discretion in determining that an appeal of
the issue relating to the failure to appoint L.S.M. as a possessory conservator would be frivolous.
Indigency
            We also review the trial court’s indigence finding under an abuse of discretion standard. In
re Smith, 70 S.W.3d 167, 168 (Tex. App.—San Antonio 2001, no pet.). Even absent a contest,
section 263.405 requires the trial court to determine whether L.S.M.’s claim of indigence should be
sustained. See Tex. Fam. Code Ann. § 263.405(d),(e) (Vernon Supp. 2008). At the hearing on
May 27, 2008, L.S.M. testified that she was employed during the trial but decided to take maternity
leave beginning on May 8, 2008. While employed, L.S.M. was working almost 40 hours every week
and making $8.00 per hour. L.S.M.’s expected delivery date was not until August 16, 2008. In
response to whether a medical reason precluded her from working, L.S.M. admitted that she did not
have a doctor’s excuse. A party’s claim of indigence will fail if that party is voluntarily unemployed. 
In re A.M.R., No. 04-02-00333-CV, 2002 WL 31830482, at *1 (Tex. App.—San Antonio Dec. 18,
2002, no pet.) (mem. op.); In re Smith, 70 S.W.3d at 169. In view of the evidence presented, the trial
court did not abuse its discretion in finding that L.S.M. is not indigent.
Conclusion
            The portion of the trial court’s order finding that an appeal of the issue relating to the trial
court’s failure to appoint L.S.M. as a possessory conservator is reversed, and L.S.M. is entitled to
proceed with a brief on the merits of that issue. The remainder of the trial court’s order is affirmed.
 
Alma L. López, Chief Justice