

**NUMBER 13-09-00475-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**DEAN CORY ROBLIN,**                                                                 **Appellant,**

**v.**

**DEBORAH SUSAN BRIGGS,**                                                        **Appellee.**

**On appeal from the County Court at Law No. 1
of Montgomery County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Vela
Memorandum Opinion by Chief Justice Valdez**

Appellant, Dean Cory Roblin, advancing pro se, appeals from a trial court order sustaining a contest to his affidavit of indigence filed by appellee, Deborah Susan Briggs. By one issue, appellant asserts that the trial court abused its discretion in denying his request for indigent status.  We affirm.

## I. BACKGROUND

According to appellant, he and appellee were married in December 2004. At an unspecified time in 2009, appellant filed a petition for divorce. On May 14, 2009, the trial court conducted a hearing on the divorce petition, and on May 28, 2009, the trial court signed the final divorce decree, awarding appellant various pieces of personal property, including three cars, an eight-person spa, $12,000 to be paid by appellee,[1] and rights to his personal retirement accounts and life insurance proceeds.[2]

On June 17, 2009, appellant filed a pro se notice of appeal, challenging the final divorce decree.[3] Also on June 17, 2009, appellant filed an affidavit of indigence, stating that he: (1) earned $1,506 per month in income as a governmental employee for Montgomery County[4]; (2) was owed $12,000 from appellee, but she failed to make the payment; (3) had $1,690 in monthly obligations; (4) owned one car—a 2002 Mitsubishi

---

[1] The $12,000 was paid by appellee to appellant in exchange for rights to the couple's house in Conroe, Texas. The amount the trial court ordered appellee to pay appellant represented appellant's fifty-percent share in the equity of the house.

[2] The record reflects that the divorce decree mirrored a mediated settlement agreement that the parties entered into prior to the May 14, 2009 hearing.

[3] In addition to this appeal, appellant has filed four other notices of appeal complaining about various actions taken by the trial court and opposing counsel in the underlying mediation and divorce proceedings. Appellant has filed one brief addressing all of his issues in each of the five appeals he has filed. In his appellate brief, appellant details his appeals as follows:

1. In his first appeal filed on June 17, 2009, appellant complains about the trial judge's refusal to allow him "to add a list of credit/debit cards to the Final [Divorce] Decree";

2. In his second appeal filed on July 27, 2009, appellant complains about the trial court's decision regarding his indigent status;

3. In his third appeal filed on September 10, 2009, appellant complains about the trial judge's refusal to recuse himself from appellant's divorce proceedings;

4. In his fourth appeal filed on October 2, 2009, appellant complains about the trial court's just and right division of the marital property; and

5. In his fifth appeal filed on November 25, 2009, appellant complains about other actions taken by the trial judge and opposing counsel during appellant's divorce proceedings.

[4] In her contest to appellant's affidavit of indigence, appellee alleged, among other things, that appellant is employed by the Office of the District Clerk in Montgomery County.

Galant of unknown value—and some various pieces of personal property; and (5) did not own any stocks, bonds, or real property. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(a)(2)(A) (Vernon 2002) (stating that an appellant is entitled to a free record on appeal if he is deemed indigent and the appeal is not frivolous). On June 22, 2009, appellee filed a response and contest to appellant's affidavit of indigence. In her filing, appellee asserted that appellant failed to mention in his indigence affidavit that he has a retirement account valued at approximately $15,000 and that he owns two other vehicles—a 1974 Mercury Cougar and a 1979 Ford pickup truck—awarded to appellant in the divorce decree. Appellant filed a response to appellee's contest and noted, among other things, that he also has a $10,000 life insurance policy funded by Montgomery County; his total monthly expenses are $1,800 per month; and that his annual income is about $22,000, which he believes "would possibly qualify me for food stamps and other public assistance."[5] *See, e.g., Griffin Indus., Inc. v. Honorable Thirteenth Court of Appeals*, 934 S.W.2d 349, 351 (Tex. 1996) (orig. proceeding) (stating that an applicant meets his burden of proof at the hearing on the contest to the affidavit of inability to pay costs if he proves that he depends on public assistance) (citing *Goffney v. Lowry*, 554 S.W.2d 157, 159-60 (Tex. 1977)). Appellant subsequently filed an amended affidavit of indigence on June 30, 2009, listing in greater detail his financial situation.

On July 1, 2009, the trial court conducted a hearing on appellee's contest to appellant's indigence affidavit. At the conclusion of the hearing, the trial court sustained appellee's contest and denied appellant's request for indigence status. This appeal

---

[5] At no point in this case has appellant demonstrated that he relies on public assistance. He claimed at the July 1, 2009 hearing on appellee's contest that he sometimes goes "to the food bank."

3

followed.[6]

## II. Standard of Review and Applicable Law

Generally, a party may proceed on appeal without advance payment of costs if (1) he files an affidavit of indigence in compliance with rule 20.1 of the Texas Rules of Appellate Procedure, (2) his claim of indigence is not contested or any contest is not sustained, and (3) a timely notice of appeal is filed. *See* TEX. R. APP. P. 20.1(a); *see also Kastner v. Martin & Drought, P.C.*, No. 04-08-00779-CV, 2009 Tex. App. LEXIS 1534, at **2-3 (Tex. App.–San Antonio Mar. 11, 2009, pet. denied) (mem. op.). The affidavit of indigence must identify the party filing it and state the amount of costs, if any, the party can pay. TEX. R. APP. P. 20.1(a)(2). The affidavit must also contain the information mandated by rule 20.1(b), which requires the party claiming indigence to provide detailed financial information. *Id.* at R. 20.1(b). The trial court clerk, the court reporter, or any party may challenge the claim of indigence by filing a contest to the affidavit. *Id.* at R. 20.1(e). If a contest is filed, the party who filed the affidavit must prove the allegations contained in the affidavit. *Id.* at R. 20.1(g).

The test for determining indigence in the trial court is whether the applicant shows by a preponderance of the evidence that he would be unable to pay the appellate costs, or a part thereof, even "'if he really wanted to and made a good faith effort to do so[.]'" *Higgins v. Randall County Sheriff's Office*, 257 S.W.3d 684, 686 (Tex. 2008) (quoting *Pinchback v. Hockless*, 139 Tex. 536, 164 S.W.2d 19, 20 (1942)); *see Griffin Indus., Inc.*, 934 S.W.2d at 351; *see also Kastner*, 2009 Tex. App. LEXIS 1534, at *3. Where a trial court sustains a contest, we review that determination for an abuse of discretion. *See Rodgers v. Mitchell*, 83 S.W.3d 815, 818 (Tex. App.–Texarkana 2002, no pet.); *In re Smith*,

---

[6] All of appellant's appeals were transferred to this Court from the Ninth Court of Appeals pursuant to a docket-equalization order issued by the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2005).

70 S.W.3d 167, 168 (Tex. App.–San Antonio 2001, no pet.); *Arevalo v. Millan*, 983 S.W.2d 803, 804 (Tex. App.–Houston [1st Dist.] 1998, no pet.); *see also Kastner*, 2009 Tex. App. LEXIS 1534, at **3-4; *Kastner v. Tex. Bd. of Law Examiners*, No. 03-08-00515-CV, 2009 Tex. App. LEXIS 6381, at *5 (Tex. App.–Austin Aug. 12, 2009, no pet.) (mem. op.); *but see Baughman v. Baughman*, 65 S.W.3d 309, 316 n.5 (Tex. App.–Waco 2001, pet. denied) (holding that the standards for reviewing the sufficiency of evidence should be used to review a trial court's ruling on indigence). A trial court abuses its discretion when its decision is arbitrary, unreasonable, or without reference to any guiding rules or legal principles. *See K-Mart Corp. v. Honeycutt*, 24 S.W.3d 357, 360 (Tex. 2000); *see also Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998).

### III. ANALYSIS

In his sole issue, appellant contends that the trial court abused its discretion in sustaining appellee's contest to his affidavit of indigence. Specifically, appellant, without citing authority for his argument, asserts that the trial court abused its discretion by considering appellant's gross income, rather than net income, to determine indigence. Appellee has not filed a brief in this matter.

At the July 1, 2009 hearing, the trial court heard arguments from appellant and appellee. Appellant admitted that he did not have to pay rent anymore and that his "medical expenses are pretty high." When asked whether he had bills or other documentation to establish his monthly income and expenses, appellant stated that he did not have such documentation at the hearing but that it was at home. Appellant insisted that the Internal Revenue Service informed him that his income level was $22,000; however, he was initially unable to provide the trial court with documentation regarding his true income level. Given his inability to establish his income level, appellant was instructed

5

by the trial court to obtain documentation from the county regarding his income level. County records revealed that appellant makes $27,343.66 in gross income as a deputy district clerk, or Clerk II, for Montgomery County. Appellant also admitted that he pawns things to supplement his income and that, of the things awarded to him in the divorce, he has not tried to sell any of those assets to secure additional income because the assets are "used."[7]

With respect to appellant's indigence status, the following exchange occurred:

| Q [Counsel for Appellee]: | By way of your recent amendment here to your pauper's oath, what you're saying, in essence, is that you're not indigent; is that correct? |
|---|---|
| A [Appellant]: | That's true, I'm not indigent. I have a job[,] and I am fully employed and I make [$]1[,]668 net as it asks for, not gross a month. |
| Q: | Okay. So, you're not claiming indigence and you made that clear in your— |
| A: | That's correct. That's correct. |
| Q: | —amended response, et cetera, et cetera? |
| A: | And it doesn't say indigent on here, it says amended affidavit of inability to pay cost[s]. I'm simply saying I'm unable to pay costs at this time due to my current monthly obligation[s]. |

Later, appellant recanted his prior testimony and stated that he is indigent because "I have no money."

At the conclusion of the hearing, the trial court sustained appellee's contest and denied appellant indigence status. On appeal, appellant has not cited to portions of the record or authority supporting his contention that the trial court abused its discretion. *See* TEX. R. APP. P. 38.1(i). Although appellate courts liberally construe briefs by pro se

---

[7] Appellant later admitted that he does have "something on pawn right now" that presumably would result in appellant earning supplemental income.

litigants, we must hold them to the same standards as licensed attorneys and require them to comply with all applicable laws and rules of procedure. *See* TEX. R. APP. P. 38.9; *Sterner v. Marathon Oil Co.*, 767, S.W.2d 686, 690 (Tex. 1989); *Green v. Kaposta*, 152 S.W.3d 839, 841 (Tex. App.–Dallas 2005, no pet.); *see also Siddiqui v. Siddiqui*, No. 14-07-00235-CV, 2009 Tex. App.1443, at *4 (Tex. App.–Houston [14th Dist.] Mar. 3, 2009, pet. denied) (mem. op.) ("While we have compassion for the plight of the pro se litigant attempting to follow the rules of legal procedure and substantive laws, and therefore construe pro se pleadings and briefs liberally, we must still hold appellant to the same standard as a licensed attorney, requiring that he follow those same rules and laws . . . . To do otherwise would give a pro se litigant an unfair advantage over a litigant represented by counsel."). When a party fails to cite to the record or to legal authority in their brief, nothing is presented for review. *See Republic Underwriters Ins. Co. v. Mex-Tex, Inc.*, 150 S.W.3d 423, 427 (Tex. 2004); *see also Johnson v. City of Dallas*, No. 05-09-00365-CV, 2010 Tex. App. LEXIS 4668, at *2 (Tex. App.–Dallas June 22, 2010, no pet.) (mem. op.) ("Although we must interpret this requirement [Texas Rule of Appellate Procedure 38.1(i)] liberally, an issue not supported by authority is waived."); *McCray v. Flores*, No. 09-03-076-CV, 2003 Tex. App. LEXIS 3551, at **2-3 (Tex. App.–Beaumont Apr. 24, 2003, no pet.) (mem. op.) ("We must construe the Rules of Appellate Procedure 'reasonably, yet liberally, so that the right to appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of a rule.'") (quoting *Verburgt v. Dorner*, 959 S.W.2d 615, 616-17 (Tex. 1997)). Therefore, because appellant's brief fails to comply with rule 38.1 of the Texas Rules of Appellate Procedure, his issue is inadequately briefed. *See* TEX. R. APP. P. 38.1(i).

However, assuming that he had adequately briefed his issue on appeal, we

conclude that there is nothing in the record before us, besides appellant's bald assertions and allegations, demonstrating that appellant satisfied his burden of proving indigence. *See Higgins*, 257 S.W.3d at 686; *Griffin Indus., Inc.*, 934 S.W.2d at 351; *Pinchback*, 164 S.W.2d at 20; *see also Kastner*, 2009 Tex. App. LEXIS 1534, at *3. Appellant is gainfully employed by Montgomery County, earning $27,343.66 in gross income per year, and he has not provided sufficient evidence demonstrating his monthly obligations. Moreover, the record does not contain documentation establishing appellant's net income per year. Based on the foregoing, we cannot say that appellant sustained his burden in proving indigence; therefore, he is not entitled to a free record on appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 13.003; *Higgins*, 257 S.W.3d at 686; *Griffin Indus., Inc.*, 934 S.W.2d at 351; *Pinchback*, 164 S.W.2d at 20; *see also Kastner*, 2009 Tex. App. LEXIS 1534, at *3. Given this, we conclude that the trial court did not abuse its discretion in sustaining appellee's contest and denying appellant indigence status. *See Rodgers*, 83 S.W.3d at 818; *In re Smith*, 70 S.W.3d at 168; *Arevalo*, 983 S.W.2d at 804; *see also Kastner*, 2009 Tex. App. LEXIS 1534, at **3-4; *Tex. Bd. of Law Examiners*, 2009 Tex. App. LEXIS 6381, at *5. Accordingly, we overrule appellant's sole issue.

## IV. CONCLUSION

Having overruled appellant's sole issue, we affirm the trial court's judgment.

ROGELIO VALDEZ
Chief Justice

Delivered and filed the
28th day of October, 2010.

8