NUMBER 13-09-00475-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      
 
DEAN CORY ROBLIN,                                                      Appellant,
v.
 
DEBORAH SUSAN BRIGGS,                            Appellee.
                                                                                                                                      
 
On appeal from the County Court at Law No. 1
 of Montgomery County, Texas.
                                                                                                                      

  MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Rodriguez and Vela
 Memorandum Opinion by Chief Justice Valdez

          Appellant, Dean Cory Roblin, advancing pro se, appeals from a trial court order
sustaining a contest to his affidavit of indigence filed by appellee, Deborah Susan Briggs. 
By one issue, appellant asserts that the trial court abused its discretion in denying his
request for indigent status. We affirm.
 
I. Background
          According to appellant, he and appellee were married in December 2004. At an
unspecified time in 2009, appellant filed a petition for divorce. On May 14, 2009, the trial
court conducted a hearing on the divorce petition, and on May 28, 2009, the trial court
signed the final divorce decree, awarding appellant various pieces of personal property,
including three cars, an eight-person spa, $12,000 to be paid by appellee,


 and rights to
his personal retirement accounts and life insurance proceeds.


 
          On June 17, 2009, appellant filed a pro se notice of appeal, challenging the final
divorce decree.


 Also on June 17, 2009, appellant filed an affidavit of indigence, stating
that he: (1) earned $1,506 per month in income as a governmental employee for
Montgomery County


; (2) was owed $12,000 from appellee, but she failed to make the
payment; (3) had $1,690 in monthly obligations; (4) owned one car—a 2002 Mitsubishi
Galant of unknown value—and some various pieces of personal property; and (5) did not
own any stocks, bonds, or real property. See Tex. Civ. Prac. & Rem. Code Ann. §
13.003(a)(2)(A) (Vernon 2002) (stating that an appellant is entitled to a free record on
appeal if he is deemed indigent and the appeal is not frivolous). On June 22, 2009,
appellee filed a response and contest to appellant’s affidavit of indigence. In her filing,
appellee asserted that appellant failed to mention in his indigence affidavit that he has a
retirement account valued at approximately $15,000 and that he owns two other
vehicles—a 1974 Mercury Cougar and a 1979 Ford pickup truck—awarded to appellant
in the divorce decree. Appellant filed a response to appellee’s contest and noted, among
other things, that he also has a $10,000 life insurance policy funded by Montgomery
County; his total monthly expenses are $1,800 per month; and that his annual income is
about $22,000, which he believes “would possibly qualify me for food stamps and other
public assistance.”


 See, e.g., Griffin Indus., Inc. v. Honorable Thirteenth Court of Appeals,
934 S.W.2d 349, 351 (Tex. 1996) (orig. proceeding) (stating that an applicant meets his
burden of proof at the hearing on the contest to the affidavit of inability to pay costs if he
proves that he depends on public assistance) (citing Goffney v. Lowry, 554 S.W.2d 157,
159-60 (Tex. 1977)). Appellant subsequently filed an amended affidavit of indigence on
June 30, 2009, listing in greater detail his financial situation.
          On July 1, 2009, the trial court conducted a hearing on appellee’s contest to
appellant’s indigence affidavit. At the conclusion of the hearing, the trial court sustained
appellee’s contest and denied appellant’s request for indigence status. This appeal
followed.


 
II. Standard of Review and Applicable Law
          Generally, a party may proceed on appeal without advance payment of costs if (1)
he files an affidavit of indigence in compliance with rule 20.1 of the Texas Rules of
Appellate Procedure, (2) his claim of indigence is not contested or any contest is not
sustained, and (3) a timely notice of appeal is filed. See Tex. R. App. P. 20.1(a); see also
Kastner v. Martin & Drought, P.C., No. 04-08-00779-CV, 2009 Tex. App. LEXIS 1534, at
**2-3 (Tex. App.–San Antonio Mar. 11, 2009, pet. denied) (mem. op.). The affidavit of
indigence must identify the party filing it and state the amount of costs, if any, the party can
pay. Tex. R. App. P. 20.1(a)(2). The affidavit must also contain the information mandated
by rule 20.1(b), which requires the party claiming indigence to provide detailed financial
information. Id. at R. 20.1(b). The trial court clerk, the court reporter, or any party may
challenge the claim of indigence by filing a contest to the affidavit. Id. at R. 20.1(e). If a
contest is filed, the party who filed the affidavit must prove the allegations contained in the
affidavit. Id. at R. 20.1(g).
          The test for determining indigence in the trial court is whether the applicant shows
by a preponderance of the evidence that he would be unable to pay the appellate costs,
or a part thereof, even “‘if he really wanted to and made a good faith effort to do so[.]’” 
Higgins v. Randall County Sheriff’s Office, 257 S.W.3d 684, 686 (Tex. 2008) (quoting
Pinchback v. Hockless, 139 Tex. 536, 164 S.W.2d 19, 20 (1942)); see Griffin Indus., Inc.,
934 S.W.2d at 351; see also Kastner, 2009 Tex. App. LEXIS 1534, at *3. Where a trial
court sustains a contest, we review that determination for an abuse of discretion. See
Rodgers v. Mitchell, 83 S.W.3d 815, 818 (Tex. App.–Texarkana 2002, no pet.); In re Smith,
70 S.W.3d 167, 168 (Tex. App.–San Antonio 2001, no pet.); Arevalo v. Millan, 983 S.W.2d
803, 804 (Tex. App.–Houston [1st Dist.] 1998, no pet.); see also Kastner, 2009 Tex. App.
LEXIS 1534, at **3-4; Kastner v. Tex. Bd. of Law Examiners, No. 03-08-00515-CV, 2009
Tex. App. LEXIS 6381, at *5 (Tex. App.–Austin Aug. 12, 2009, no pet.) (mem. op.); but see
Baughman v. Baughman, 65 S.W.3d 309, 316 n.5 (Tex. App.–Waco 2001, pet. denied)
(holding that the standards for reviewing the sufficiency of evidence should be used to
review a trial court’s ruling on indigence). A trial court abuses its discretion when its
decision is arbitrary, unreasonable, or without reference to any guiding rules or legal
principles. See K-Mart Corp. v. Honeycutt, 24 S.W.3d 357, 360 (Tex. 2000); see also
Bocquet v. Herring, 972 S.W.2d 19, 21 (Tex. 1998). 
III. Analysis
          In his sole issue, appellant contends that the trial court abused its discretion in
sustaining appellee’s contest to his affidavit of indigence. Specifically, appellant, without
citing authority for his argument, asserts that the trial court abused its discretion by
considering appellant’s gross income, rather than net income, to determine indigence.
Appellee has not filed a brief in this matter.
          At the July 1, 2009 hearing, the trial court heard arguments from appellant and
appellee. Appellant admitted that he did not have to pay rent anymore and that his
“medical expenses are pretty high.” When asked whether he had bills or other
documentation to establish his monthly income and expenses, appellant stated that he did
not have such documentation at the hearing but that it was at home. Appellant insisted
that the Internal Revenue Service informed him that his income level was $22,000;
however, he was initially unable to provide the trial court with documentation regarding his
true income level. Given his inability to establish his income level, appellant was instructed
by the trial court to obtain documentation from the county regarding his income level. 
County records revealed that appellant makes $27,343.66 in gross income as a deputy
district clerk, or Clerk II, for Montgomery County. Appellant also admitted that he pawns
things to supplement his income and that, of the things awarded to him in the divorce, he
has not tried to sell any of those assets to secure additional income because the assets
are “used.”


 
          With respect to appellant’s indigence status, the following exchange occurred:
Q [Counsel for Appellee]:By way of your recent amendment here to your
pauper’s oath, what you’re saying, in essence, is
that you’re not indigent; is that correct?
 
A [Appellant]:That’s true, I’m not indigent. I have a job[,] and
I am fully employed and I make [$]1[,]668 net as
it asks for, not gross a month.
 
Q:Okay. So, you’re not claiming indigence and you
made that clear in your—
 
A:That’s correct. That’s correct.
 
Q:—amended response, et cetera, et cetera?
 
A:And it doesn’t say indigent on here, it says
amended affidavit of inability to pay cost[s]. I’m
simply saying I’m unable to pay costs at this time
due to my current monthly obligation[s]. 

Later, appellant recanted his prior testimony and stated that he is indigent because “I have
no money.” 
          At the conclusion of the hearing, the trial court sustained appellee’s contest and
denied appellant indigence status. On appeal, appellant has not cited to portions of the
record or authority supporting his contention that the trial court abused its discretion. See
Tex. R. App. P. 38.1(i). Although appellate courts liberally construe briefs by pro se
litigants, we must hold them to the same standards as licensed attorneys and require them
to comply with all applicable laws and rules of procedure. See Tex. R. App. P. 38.9;
Sterner v. Marathon Oil Co., 767, S.W.2d 686, 690 (Tex. 1989); Green v. Kaposta, 152
S.W.3d 839, 841 (Tex. App.–Dallas 2005, no pet.); see also Siddiqui v. Siddiqui, No. 14-07-00235-CV, 2009 Tex. App.1443, at *4 (Tex. App.–Houston [14th Dist.] Mar. 3, 2009,
pet. denied) (mem. op.) (“While we have compassion for the plight of the pro se litigant
attempting to follow the rules of legal procedure and substantive laws, and therefore
construe pro se pleadings and briefs liberally, we must still hold appellant to the same
standard as a licensed attorney, requiring that he follow those same rules and laws . . . . 
To do otherwise would give a pro se litigant an unfair advantage over a litigant represented
by counsel.”). When a party fails to cite to the record or to legal authority in their brief,
nothing is presented for review. See Republic Underwriters Ins. Co. v. Mex-Tex, Inc., 150
S.W.3d 423, 427 (Tex. 2004); see also Johnson v. City of Dallas, No. 05-09-00365-CV,
2010 Tex. App. LEXIS 4668, at *2 (Tex. App.–Dallas June 22, 2010, no pet.) (mem. op.)
(“Although we must interpret this requirement [Texas Rule of Appellate Procedure 38.1(i)]
liberally, an issue not supported by authority is waived.”); McCray v. Flores, No. 09-03-076-CV, 2003 Tex. App. LEXIS 3551, at **2-3 (Tex. App.–Beaumont Apr. 24, 2003, no pet.)
(mem. op.) (“We must construe the Rules of Appellate Procedure ‘reasonably, yet liberally,
so that the right to appeal is not lost by imposing requirements not absolutely necessary
to effect the purpose of a rule.’”) (quoting Verburgt v. Dorner, 959 S.W.2d 615, 616-17
(Tex. 1997)). Therefore, because appellant’s brief fails to comply with rule 38.1 of the
Texas Rules of Appellate Procedure, his issue is inadequately briefed. See Tex. R. App.
P. 38.1(i). 
          However, assuming that he had adequately briefed his issue on appeal, we
conclude that there is nothing in the record before us, besides appellant’s bald assertions
and allegations, demonstrating that appellant satisfied his burden of proving indigence. 
See Higgins, 257 S.W.3d at 686; Griffin Indus., Inc., 934 S.W.2d at 351; Pinchback, 164
S.W.2d at 20; see also Kastner, 2009 Tex. App. LEXIS 1534, at *3. Appellant is gainfully
employed by Montgomery County, earning $27,343.66 in gross income per year, and he
has not provided sufficient evidence demonstrating his monthly obligations. Moreover, the
record does not contain documentation establishing appellant’s net income per year. 
Based on the foregoing, we cannot say that appellant sustained his burden in proving
indigence; therefore, he is not entitled to a free record on appeal. See Tex. Civ. Prac. &
Rem. Code Ann. § 13.003; Higgins, 257 S.W.3d at 686; Griffin Indus., Inc., 934 S.W.2d at
351; Pinchback, 164 S.W.2d at 20; see also Kastner, 2009 Tex. App. LEXIS 1534, at *3. 
Given this, we conclude that the trial court did not abuse its discretion in sustaining
appellee’s contest and denying appellant indigence status. See Rodgers, 83 S.W.3d at
818; In re Smith, 70 S.W.3d at 168; Arevalo, 983 S.W.2d at 804; see also Kastner, 2009
Tex. App. LEXIS 1534, at **3-4; Tex. Bd. of Law Examiners, 2009 Tex. App. LEXIS 6381,
at *5. Accordingly, we overrule appellant’s sole issue.                     IV. Conclusion
          Having overruled appellant’s sole issue, we affirm the trial court’s judgment.
 
 ROGELIO VALDEZ
                                                                           Chief Justice
 

Delivered and filed the 
28th day of October, 2010.